## State of Vermont v. David M. Nemkovich

[712 A.2d 899]

Nos. 97-186 & 97-187

Present: Amestoy, C.J., Dooley, Morse, Johnson and Skoglund, JJ.

Opinion Filed May 1, 1998

*Robert L. Sand*, Department of State's Attorneys, Montpelier, and *Lauren Bowerman*, Chittenden County State's Attorney, and *John R. Treadwell*, Deputy State's Attorney, Burlington, for Plaintiff-Appellant.

*Robert Andres*, Burlington, for Defendant-Appellee.

**Amestoy, C.J.** In this DUI prosecution, the district court suppressed evidentiary breath test results in both the civil-license-suspension and criminal proceedings on grounds that the police had obtained an invalid waiver of defendant's *Miranda* rights, thus tainting defendant's subsequent written waiver of his right to counsel under the implied consent statute. The State brings interlocutory appeal of the suppression order in the criminal case and a direct appeal of judgment for defendant in the civil proceeding, both cases consolidated here. We reverse.

Upon notification that a vehicle was disabled on the interstate, a Vermont State Trooper was dispatched to the scene and approached defendant's vehicle, observing that it was in a ditch beside an exit ramp roadway. The trooper found defendant sitting in the driver's seat with the lights on and the engine running. He detected a strong odor of intoxicants on defendant's breath. The trooper also observed that defendant's eyes were watery and bloodshot, and that his speech was a "little slow." Defendant stated that he had consumed two drinks prior to driving and one drink while driving. A road side Alco-Sensor test indicated that defendant's blood-alcohol level was above the legal limit.

The trooper then took defendant to police barracks, where he was processed for DUI. The trooper used a "DUI processing form," which consists of several pages of written instructions and questions that are read to the motorist, as well as signature lines for both the processing officer and the motorist. Reading from the second page of the processing form, the trooper advised defendant of his *Miranda* rights, including "the right to talk to a lawyer before questioning and to have a lawyer present with you during questioning." When asked if he understood the rights as read to him, defendant apparently responded: "Sure," and then signed the waiver portion of the second page. The trooper then heard defendant utter the following: "No idea why not to speak," followed by a pause, and then "to a lawyer." The trooper noted these utterances on the processing form, but testified to the district court that his clear impression was that defendant did *not* wish to speak with an attorney and was in fact willing to speak

with the trooper. The trooper continued with the DUI processing by informing defendant of his implied consent rights, which the trooper read from page three of the processing form. Among the specific information communicated was that "[y]ou have the right to talk with a lawyer before deciding whether or not to submit to a[n evidentiary breath] test." Defendant indicated his understanding of the rights and that he did not wish to speak to an attorney before deciding whether to submit to the test. Defendant signed the section on page three indicating that he did not wish to speak with counsel before taking the test, then agreed to provide a breath sample. The test result indicated defendant's blood-alcohol content was over the legal limit.

Defendant moved the district court to suppress the breath test results in both the criminal and civil-license-suspension proceedings. In making its initial determination that the State had failed to establish a valid waiver of defendant's *Miranda* rights, the court reasoned that defendant's utterance of "no idea why not to speak . . . to a lawyer" was inconsistent with a knowledgeable, voluntary waiver of those rights. According to the court, the invalid waiver "could not be eradicated simply by reading the same rights over again, or similar rights over again, on page three." Ordinarily, the court observed, the State's introduction of defendant's written waiver of his implied consent rights would establish a valid waiver of those rights, but that under the circumstances, the subsequent waiver was tainted by the earlier invalid waiver. Thus the court suppressed the evidentiary test results in both the criminal and civil license suspension cases, and granted judgment for defendant in the civil case. The State appeals.

The central issue in this case is whether an invalid waiver of *Miranda* rights taints a waiver of the statutory right to consult an attorney prior to submitting to an evidentiary breath test.

The State's answer is that courts should undertake an independent analysis of the validity of an individual's purported waiver of *Miranda* rights on the one hand and waiver of implied consent rights on the other. It asserts that the uncontroverted evidence in this case establishes that defendant understood his right to consult with an attorney concerning the breath test, and that defendant signed a written waiver of that right. Thus, according to the State, even if this Court agrees that defendant did not make a valid waiver of his

*Miranda* rights, the evidence does not support the conclusion that his subsequent waiver of implied consent rights was invalid. We agree.*

Vermont's implied consent statute provides that a person who is requested to take an evidentiary breath test has a right to consult with an attorney prior to deciding whether to take the test. See 23 V.S.A. § 1202(c). The decision whether to take a breath test is an extremely important one to the motorist, and should "not be lightly decided." *State v. Carmody*, 140 Vt. 631, 636, 442 A.2d 1292, 1295 (1982). Although § 1202 is silent on the matter, this Court has recognized a motorist's option to waive consultation with counsel prior to deciding whether to take the test. See, e.g., *State v. George*, 161 Vt. 615, 616, 640 A.2d 26, 27 (1994); *State v. Garvey*, 157 Vt. 105, 107, 595 A.2d 267, 268 (1991). There exists a presumption against an individual's waiver of the right to counsel, and the State has the burden of proving a "knowing and intelligent waiver." Cf. *State v. Hoffman*, 148 Vt. 320, 322, 532 A.2d 577, 578 (1987). We will not recognize a waiver of the right to counsel in the absence of substantial evidence to support a finding of waiver. Cf. *id.* (presumption exists in prosecution for DUI against waiver of right to independent blood test under 23 V.S.A. § 1202(c); State has burden of proving waiver with substantial evidence).

We do not take issue with the district court's premise that law enforcement officers may not overcome an invalid waiver of *Miranda* rights simply by asking the detainee again if he wishes to waive those rights. See *Smith v. Illinois*, 469 U.S. 91, 97 (1984) (detainee's post-request responses to further interrogation may not provide basis to cast doubt on validity of an initial request to consult with counsel). Where we differ with the district court is in the conclusions to be drawn from this premise. In this case the trooper was not asking defendant again if he wished to waive his *Miranda* rights, but was making a wholly different inquiry regarding defendant's right to counsel under the implied consent statute. As this Court has recognized before, the rights secured under *Miranda* and those secured under the implied consent statute serve different purposes and operate independently of one another. See *State v. Fuller*, 163 Vt. 523, 527, 660 A.2d 302, 305 (1995).

---

*The State also challenges the district court's finding that defendant's waiver of his *Miranda* rights was invalid. We do not reach the issue because the State did not preserve the issue in the criminal case, and the issue is not material to our conclusion that defendant made a valid waiver of his implied consent right to consult an attorney.

First, different rights are protected by *Miranda* warnings on the one hand, and the implied consent statute on the other. Among other things, *Miranda* warnings safeguard an individual's general right to counsel provided by the Sixth Amendment to the United States Constitution. See *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). Similarly, Vermont's Public Defender Act, which was enacted largely to safeguard an individual's *Miranda* rights, protects the same rights as well as those secured under Article 10 of Chapter I of Vermont's Constitution. See *Fuller*, 163 Vt. at 527, 660 A.2d at 305. An individual's *Miranda* and Public Defender Act rights are triggered whenever a person is detained or charged with a crime. See *id.*

█ In contrast, an individual's implied consent right to consult counsel before deciding to take an evidentiary breath test is purely a statutory right, and attaches whenever a person is asked to take an evidentiary alcohol test, regardless of whether the person is detained at the time. See *id.* "The nature of a license-suspension proceeding is civil, not criminal." *State v. Clark*, 164 Vt. 626, 627, 671 A.2d 1276, 1277 (1996) (mem.). The constitutional protections available in criminal proceedings do not attach to the statutory right to counsel under 23 V.S.A. § 1202(c) either at the time the breath sample is requested, see *State v. West*, 151 Vt. 140, 143, 557 A.2d 873, 875 (1988), or at a subsequent license-suspension hearing. See *State v. O'Brien*, 158 Vt. 275, 277, 609 A.2d 981, 982 (1992). Accordingly, "[t]he warnings called for in *Miranda v. Arizona* . . . do not apply to blood or chemical tests requested or taken under our implied consent law." *Veilleux v. Springer*, 131 Vt. 33, 42, 300 A.2d 620, 626 (1973). The right to the advice of counsel created in *Miranda* does not apply because the decision to take a breath test is not a critical stage of the prosecution, see *State v. Lombard*, 146 Vt. 411, 414, 505 A.2d 1182, 1184 (1985), and because the evidence sought is physical rather than testimonial. See *Fuller*, 163 Vt. at 527, 660 A.2d at 305; *Schmerber v. California*, 384 U.S. 757, 763-64 (1966) (defendant's constitutional rights not violated when he was compelled to submit to alcohol blood test); *State v. Fasching*, 453 N.W.2d 761, 764 (N.D. 1990) (State's failure to obtain valid waiver of driver's *Miranda* right to counsel did not necessitate suppressing results of chemical test for intoxication).

█ Our cases demonstrate the importance of an independent analysis of an individual's purported waiver of these distinct sets of rights. In *Fuller*, we addressed a situation where an arrestee had first made a written waiver of his *Miranda* rights and later made an oral

waiver of his implied consent right to consult an attorney. In upholding the validity of defendant's oral waiver of his implied consent rights, we did not treat as dispositive the fact that defendant had validly waived his *Miranda* rights. Rather, we undertook an independent assessment of the facts and circumstances surrounding the subsequent waiver of implied consent rights. See 163 Vt. at 529, 660 A.2d at 306. *Fuller* supports an independent assessment of each waiver. See also *State v. Forcier*, 162 Vt. 71, 643 A.2d 1200 (1994) (officers were without authority to interrogate DUI suspect and therefore suppression of testimonial statements made at police barracks was required; defendant's waiver of implied consent right to counsel, however, was not tainted by unlawful interrogation and results of breath test were properly admitted).

In this case the State introduced evidence that the trooper read defendant his implied consent rights from page three of the processing form, that defendant acknowledged his understanding of those rights, and then signed a written waiver of the right to consult an attorney. The district court was in error to suppress the results of the evidentiary breath test. See *State v. Lynaugh*, 158 Vt. 72, 76, 604 A.2d 785, 787 (1992) (implied consent form provided all necessary advice required by § 1202(d)).

*The district court's order suppressing defendant's breath test results in the criminal and civil proceedings is reversed. The judgment order for defendant in the civil proceeding is vacated and the cause remanded.*