STATE of Vermont v. Eric J.
MARALLO

[817 A.2d 1271]

No. 01-204

¶ 1. December 30, 2002. Defendant, Eric Marallo, appeals his conviction for felony murder in Vermont District Court, Rutland Circuit. Defendant alleges that the trial court erred in admitting a blood sample gathered under a nontestimonial identification order (NTO) because his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), and 13 V.S.A. § 5231, Vermont's Public Defender Act, were violated during the period preceding the order's execution. While the trial court upheld a motion to suppress statements made by defendant during the state police interrogation held September 14, 1998, it denied a motion to suppress the results of testing done on blood obtained from defendant on the same night. The court held that the execution of the NTO did not result in prejudice to defendant. The court further held that it was a judicial proceeding independent of the interrogation and not a critical stage at which the right to counsel was implicated. We affirm.

¶ 2. The body of Dwayne Bernier was discovered on the floor of his tattoo parlor in East Wallingford, Vermont, on the morning of November 23, 1997. He had been robbed and stabbed to death. In addition to the blood of Bernier, stains found at the scene included blood of another individual. On September 14, 1998, acting on a tip from an informant, state police officers applied for two search warrants. They also applied for and re-ceived an NTO intended to secure a sample of defendant's blood. That evening, the officers brought defendant to their Rutland barracks for questioning. During the interview, defendant was shown the NTO permitting a sample of his blood to be drawn. He was informed that a judge was coming to review the NTO, but defendant consented to the sampling prior to the judge's arrival, and signed a consent card. Upon her arrival, Judge Corsones amended the NTO, changing the time and date that the samples could be taken. After resigning the order, defendant was served with the NTO, and an EMT took the blood sample. Defendant was not advised of his *Miranda* rights or his rights under the state's Public Defender Act at the time of the interview, and no counsel was present for him. The trial court granted defendant's motion to suppress the statements made to the state police that night because he was subjected to a custodial interrogation without the benefit of *Miranda* warnings. However, after observing that defendant failed to demonstrate prejudice resulting from the execution of the NTO, the trial court denied defendant's motion to suppress the results of the blood test also conducted that evening. We review motions to suppress de novo. *State v. Pierce*, 173 Vt. 151, 152, 787 A.2d 1284, 1286 (2001).

¶ 3. Defendant renews the argument made below that he was entitled to counsel at the time of the custodial interrogation, and that the right to counsel applies to the execution of the NTO as well. When dealing with distinct statutory and constitutional rights, implicated by the same course of events, courts should independently analyze the application of those rights. See, e.g., *State v. Nemkovich*, 168 Vt. 8, 10, 712 A.2d 899, 900 (1998) (waiver of *Miranda* rights and

waiver of statutory implied consent rights independently analyzed). Even if defendant's rights under *Miranda* and the Public Defender Act were violated by the state police when they interrogated him, that violation does not taint the execution of the NTO.

¶ 4. The warnings associated with *Miranda v. Arizona*, 384 U.S. 436 (1966), must be given when a suspect has been "'taken into custody or otherwise deprived of his freedom of action in any significant way.'" *State v. Howe*, 136 Vt. 53, 58, 386 A.2d 1125, 1128 (1978) (quoting *Miranda*, 384 U.S. at 444). Critical to the *Miranda* warnings is the reminder that a suspect has the right to an attorney. Both this Court and the United States Supreme Court, however, have held that the taking of nontestimonial evidence, such as blood samples or dental impressions, are not critical stages requiring notice to a defendant's counsel or triggering the right to counsel. *United States v. Wade*, 388 U.S. 218, 227-28 (1967) (denial of the right to counsel at the taking of fingerprints, blood samples, clothing and hair present a minimal threat to a defendant's right to a fair trial); *Howe*, 136 Vt. at 63, 386 A.2d at 1131 (procedures establishing right of state to take blood samples, dental impressions and fingerprints are noncritical stages).

¶ 5. During the evening of September 14, 1998, there were two distinct procedures at issue. The set of rights at issue during the interrogation of defendant — those protected by *Miranda* and the Public Defender Act — may justify the exclusion of statements defendant made during that interrogation without the advice of counsel. The second procedure at issue — the execution of the NTO collecting a blood sample from defendant — does not trigger the same rights, nor may those rights be bootstrapped onto concurrent procedures. The court must employ a separate analysis in dealing with distinct procedures and determining whether evidence obtained via the NTO may be admitted. In *Wade*, the Court noted that "there is minimal risk that . . . counsel's absence at such stages might derogate from [the] right to a fair trial." 388 U.S. at 228. No substantive challenge has been made to the order. Regardless of whether counsel was present, it would have issued and the sample would have been taken. Since defendant had no right to counsel with respect to the execution of the NTO, and in any event, suffered no prejudice because of the absence of counsel, there is no grounds to suppress the evidence gained through the NTO.

*Affirmed.*