2006 VT 31

## State of Vermont v. Gary Nelson Coburn

[898 A.2d 128]

No. 05-033

Present: **Reiber, C.J., Dooley, Johnson, Skoglund and Burgess, JJ.**

Opinion Filed April 14, 2006

*William H. Sorrell*, Attorney General, *David Tartter*, Assistant Attorney General, and *Sara R. Parsowith*, Legal Intern (On the Brief), Montpelier, for Plaintiff-Appellee.

*William E. Kraham* of *Weber, Perra & Munzing, P.C.*, Brattleboro, for Defendant-Appellant.

¶ 1. **Burgess, J.** Defendant appeals his conviction for criminal refusal under 23 V.S.A. § 1201(b). The statute makes it a crime for a person suspected of driving under the influence to refuse a police officer's reasonable request for a breath test if that person has a prior DUI conviction. Defendant argues that the standardized paragraph read by police to DUI suspects, warning them that refusing a breath test may be charged as a crime, is incomprehensible as a matter of law and therefore violates due process. Defendant also argues that, absent a comprehensible warning, the State failed to prove that the police officer's request for a breath test was "reasonable," which is a required element of the statutory offense.[1] We affirm.

---

[1] In his brief on appeal, defendant also argues that the trial court erred in refusing to instruct the jury on the defense of mistake. Defendant did not respond, however, to the State's contention that defendant had waived this argument because there was no record of defendant objecting to the lack of an instruction after the jury was charged. Further,

## I.

¶ 2. Defendant does not dispute the facts. On February 26, 2004, defendant was pulled over for speeding. Upon suspicion that defendant was driving under the influence, the police officer requested a preliminary breath test. Defendant refused. The police officer arrested defendant and, upon returning to the police station to administer an evidentiary breath test, read the following standardized warning aloud to defendant:

> If you refuse to provide an evidentiary test, and if you have either been previously convicted of an offense pursuant to Title 23 section 1201 or of any section of present or prior law of this or any other jurisdiction which prohibited operating, attempting to operate, or being in actual physical control of a motor vehicle on a highway while under the influence of intoxicating liquor or drugs, or both, or while having .08 percent or more by weight of alcohol in the person's blood or an alcohol concentration of .08 or more, or if you have been involved in an accident/collision resulting in serious bodily injury or death of another, you may be charged with the crime of criminal refusal.

When asked whether he understood the warning (which was one portion of a lengthier set of advisements), defendant said he did and persisted in his refusal to take a breath test. Defendant declined to exercise his right to speak with an attorney before making his decision. Defendant, who had a prior DUI conviction, was charged with criminal refusal.

¶ 3. Before trial, defendant filed a motion to suppress evidence of his refusal, arguing that, as a matter of law, the standardized warning could not be understood by a person of ordinary intelligence, and therefore any conviction based on his refusal would violate due process. The trial court denied this motion in a written order. While acknowledging that the warning read to defendant was "arguably

---

defendant conceded at oral argument that the record did not reflect any objection to the jury charge, and that defendant did not attempt to reconstruct the record. Therefore, any arguments based on the jury instructions in this case are waived. See V.R.Cr.P. 30 (providing that no party may assign error to jury charge or failure to give jury charge without objecting after jury is instructed); *State v. Bernier*, 157 Vt. 265, 266 n.*, 597 A.2d 789, 790 n.* (1991) (declining to address issue argued in brief but waived at oral argument).

confusing," the court concluded that, at most, a suspect might be uncertain as to how the statute would be applied in his or her particular situation. The court determined that the warning was effective in conveying "that a refusal to submit to the evidentiary breath test could result in a charge of criminal refusal under some circumstances. Most reasonable listeners will also understand that a refusal could result in a charge of criminal refusal *if* there is a prior DUI."

¶ 4. At trial, defendant moved for a judgment of acquittal at the conclusion of the State's case, forwarding a similar but distinct argument. Instead of contending that the language of the warning was unclear as a matter of law, defendant argued that the warning was unclear under the particular facts and circumstances of this case, and that, because the warning was unclear, the State had failed to prove a necessary element of the offense: that the officer's request for a breath test was reasonable. The trial court rejected this argument from the bench, emphasizing that this issue required a factual inquiry and determining that, because the State had presented evidence from which a reasonable jury could conclude the officer's request was reasonable, a judgment of acquittal was not warranted.

¶ 5. Next, the defendant presented his case, during which he put on extensive expert testimony by a professor of linguistics. Applying a variety of analytical methods, the expert opined that the standardized warning, which is lengthy and contains multiple subordinate clauses, was so complex that it could not be readily understood when read aloud. Defendant then renewed his motion for acquittal at the close of the defense case, arguing that the expert testimony demonstrated that the standardized warning was so unclear that the officer's request for a breath test could not be found reasonable. The court again deferred to the jury, acknowledging that the expert testimony was strong, but concluding the finder of fact was not obligated to accept the expert's conclusions.

¶ 6. Defendant requested a jury instruction requiring the State to prove "[t]hat the law enforcement officer clearly warned [defendant] of his rights and the consequences of refusing the test," including that the suspect "will be charged with the crime of criminal refusal if he refuses the test and has a prior DUI conviction." Out of what appears to have been an abundance of caution, the trial court did instruct the jury that the officer's request for a breath test was reasonable if: (1) the officer had a reasonable suspicion that defend-

ant was driving under the influence; and (2) the warning read by the officer prior to requesting the breath test would advise a person of ordinary intelligence of the consequences of refusing the test. The jury returned a verdict of guilty.

## II.

¶ 7. Defendant presents two alternative arguments on appeal. First, defendant argues that the language of the standardized warning is so unclear that it violates due process as a matter of law. Second, he argues that because the standardized warning is unclear, the State failed to prove that the officer made a "reasonable request under the circumstances," as required by the statute. 23 V.S.A. § 1201(b). We reject both contentions.

## A.

¶ 8. Defendant raised his due process argument in the motion to suppress evidence of his refusal. On appeal from the denial of a motion to suppress, we review the legal conclusions of the trial court de novo. See *State v. Rheaume*, 2005 VT 106, ¶ 6, 179 Vt. 39, 889 A.2d 711. In arguing that the language of the standardized warning cannot be readily understood by a person of ordinary intelligence, defendant appears to challenge the warning under the void-for-vagueness doctrine. That doctrine requires as a matter of due process that criminal statutes be sufficiently clear to place a person of ordinary intelligence on notice as to the conduct prohibited by the statute. See *State v. Galusha*, 164 Vt. 91, 94, 665 A.2d 595, 597 (1995). Defendant, the State, and the trial court alike seemed to agree that this standard applies to judge the clarity of the standardized warning. Neither the parties' briefs nor the trial court's pronouncements indicate how it was determined that the void-for-vagueness framework was appropriate.

¶ 9. We do not find support for the proposition that the void-for-vagueness doctrine applies to the standardized warning read to DUI suspects. It is the statute, not the warning, that establishes the elements of the offense, and it is the statute that must fairly advise suspects of the prohibited conduct. The right to a warning before deciding whether to submit to a breath test is purely a creature of statute, *State v. Nemkovich*, 168 Vt. 8, 12, 712 A.2d 899, 901 (1998), and is not constitutionally mandated. The only requirement of the warning is that it fairly convey the information required by 23 V.S.A. § 1202(d) (listing information that must be provided to DUI suspect).

See also *State v. Lynaugh*, 158 Vt. 72, 76, 604 A.2d 785, 787 (1992) (Johnson, J., concurring) (concluding that defendant had no right to have breath test suppressed because he "was apprised of his rights under 23 V.S.A. § 1202(d)").

¶ 10. It is helpful to note the origins of the statutory right to advisement under § 1202(d). In Vermont, motorists who choose to drive on the state's highways impliedly consent to a breath test where it is suspected a driver may be under the influence of alcohol or drugs. *State v. Morale*, 174 Vt. 213, 216-17, 811 A.2d 185, 188 (2002). Accordingly, because a breath test is not compelled, neither Fifth Amendment rights against self-incrimination nor the necessity of a *Miranda* warning attach to a request for a breath test or to any response such a request might provoke. *Id.* at 217-18, 811 A.2d at 188-89. There are, however, certain statutory rights that protect motorists suspected of driving under the influence, sometimes referred to as "implied consent rights." Among these are the warnings listed in 23 V.S.A. § 1202(d), which are to be given by the arresting officer, including that refusal can be charged as a crime under certain circumstances. *Id.* at 219, 811 A.2d at 189-90.

¶ 11. Because the right to advisement under 23 V.S.A. § 1202(d) goes above and beyond any due process requirement of statutory clarity (in that the majority of suspects receive no warning whatsoever before committing a crime, but are nonetheless held accountable to criminal sanctions prescribed in Vermont's statutes), all that is required to satisfy this right is that the warning convey the information listed in 23 V.S.A. § 1202(d). In other words, the only process due in regards to the warning is what the statute directs to be done. We conclude that the standardized warning at issue here adequately conveys the information required by 23 V.S.A. § 1202(d). Indeed, defendant conceded at oral argument that the standardized warning does not omit any critical element or information present in the statute. Rather, defendant's argument is simply that the standardized warning is too confusing. "Defendant received all the advice required by § 1202(d), and we decline to require more." *Lynaugh*, 158 Vt. at 74, 604 A.2d at 786; see also *id.* at 74, 604 A.2d at 785-86 (validating implied consent form read to suspects where its language was "almost identical" to the language of the corresponding provision in § 1202(d)); *Nemkovich*, 168 Vt. at 13, 712 A.2d at 902 (district court erred in suppressing results of breath test where evidence showed that state trooper read implied consent form to de-

fendant and defendant indicated he understood those rights). This is particularly true where, as here, a defendant confirms that he understands the warning.

¶ 12. Even if the void-for-vagueness standard did apply, we would find that the warning given was not unconstitutionally vague. Here, while the language of the warning is labored, we cannot conclude that it is so unclear as to violate due process. The first and third components of the warning are quite clear: "If you refuse to provide an evidentiary test, . . . you may be charged with the crime of criminal refusal." Not only are these two phrases uncomplicated, they are unambiguous in warning that refusal to take a breath test may (under certain circumstances elaborated in the middle clauses of the paragraph) result in criminal liability.

¶ 13. Further, one of the relevant factors in a void-for-vagueness challenge is whether the defendant had an opportunity to seek clarification.[2] "If reasonable inquiry . . . would make a person of ordinary intelligence aware of the nature of the prohibitions, the constitutional test is satisfied." *State v. Giant of St. Albans, Inc.*, 128 Vt. 539, 547, 268 A.2d 739, 744 (1970). Here, after the warning and other advisements were read, defendant was asked whether he understood what had been read to him, and he answered that he did. Defendant's expert conceded that the question, "Do you understand these rights?" was not complicated. In addition, defendant was offered an opportunity to speak with an attorney, who could have addressed any questions defendant had about the statute, but defendant declined. We have previously held that a criminal statute survives a void-for-vagueness challenge where the defendant declined an opportunity to seek clarification of the supposedly confusing language. See *Benning v. State*, 161 Vt. 472, 484, 641 A.2d 757, 763 (1994) (explaining that Court is "very reluctant to strike down a safety regime on a vagueness rationale with no showing that affected parties *on request* cannot obtain guidance on how to comply"). We are equally reluctant in this case to void defendant's conviction for criminal refusal in light of his professed understanding of the warning and his refusal to seek the advice of counsel.

---

[2] Unless First Amendment rights are involved, the question of whether a statute is unconstitutionally vague is "examined as applied to the defendant and the circumstances before the court." *State v. Dann*, 167 Vt. 119, 128, 702 A.2d 105, 111 (1997).

## B.

¶ 14. Alternatively, defendant contends that, due to the wording of the warning, the State failed to prove an essential element of the offense: that the officer's request for a breath test was reasonable. See 23 V.S.A. § 1201(b) (person previously convicted of a DUI shall not "refuse a law enforcement officer's reasonable request under the circumstances for an evidentiary test"). Defendant presented this argument in his motion for acquittal, which was renewed at various stages in the proceedings below. We will affirm a trial court's denial of a motion for acquittal where, viewing the evidence in the light most favorable to the State, there is sufficient evidence to convince a reasonable trier of fact that all the elements of the crime have been proven beyond a reasonable doubt. See *State v. Wilcox*, 160 Vt. 271, 275, 628 A.2d 924, 926 (1993). Determination of the essential elements of an offense upon which the jury must be instructed is a matter of law and reviewed de novo. *State v. Longe*, 170 Vt. 35, 36, 743 A.2d 569, 570 (1999).

¶ 15. Because the due process standard discussed above does not apply to the warning, it is certainly not an element of the offense. The clarity or lack of clarity in the warning has no bearing on whether the police officer's request for a breath test was reasonable. Rather, that factor turns solely on whether the officer had reasonable grounds to believe the suspect was intoxicated while operating or attempting to operate a motor vehicle, such that DUI processing should be initiated. See 23 V.S.A. § 1202(a)(3) (under Vermont's implied consent statute, an evidentiary test "shall be required of a person when a law enforcement officer has reasonable grounds to believe that the person was operating, attempting to operate, or in actual physical control of a vehicle in violation of section 1201 of this title"). Here, the record shows — and defendant does not contest — that the police officer observed a number of clues suggesting intoxication, including the odor of intoxicants, beer cans in the vehicle, defendant's manner of driving, defendant's admission that he had been drinking, and defendant's inability to complete field sobriety exercises. The jury could have easily found that it was reasonable for the police officer to request the breath test on this evidence.

¶ 16. In any event, the trial court here gave a generous version of the defendant's requested instruction, and the jury still concluded that the standard had been met.

*Affirmed.*