2007 VT 106

## State of Vermont v. Paul E. Stell

[937 A.2d 649]

No. 06-190

Present: **Reiber, C.J., Dooley, Johnson, Skoglund and Burgess, JJ.**

Opinion Filed September 21, 2007

*Sandra C. Bevans* and *Gabrielle J. Gautieri* (On the Brief), Bennington County Deputy State's Attorneys, Bennington, for Plaintiff-Appellee.

*Matthew F. Valerio*, Defender General, *Anna Saxman*, Deputy Defender General, and *Josh O'Hara*, Law Clerk (On the Brief), Montpelier, and *Frederick C. Bragdon*, Public Defender, Bennington, for Defendant-Appellant.

¶ 1. **Dooley, J.** Defendant appeals the denial of his motion to arrest judgment after pleading guilty to both contempt, for failing to appear for fingerprinting as ordered by the court, and violation of a condition of his probation, for being arrested for an additional offense. On appeal, defendant argues, in part, that the court's fingerprinting order violated 20 V.S.A. § 2061(e), which requires that post-sentencing fingerprinting be imposed "as a condition of probation." Despite his failure to raise this argument below, we agree that the district court's order, and defendant's resulting contempt conviction,[1] violated 20 V.S.A. § 2061(e). We therefore reverse and remand for the district court to vacate defendant's contempt conviction on this ground alone, and we do not reach the remainder of defendant's claims.

¶ 2. The facts begin with defendant's guilty plea to unlawful mischief, for which he received suspended jail time and probation with the standard conditions. The probation order did not contain a condition that defendant submit to fingerprinting, but instead, on request of the prosecution,[2] the court issued a separate order requiring that defendant appear within five days at the local police station for fingerprinting. The probation order did contain a standard condition that defendant not be charged with an additional offense.

---

[1] Defendant has not appealed the judgment that he violated his probation, and we do not consider that judgment.

[2] The current state's attorney indicated during oral argument that her predecessor created a special form for such orders and generally sought them rather than a probation condition.

¶ 3. Claiming that he forgot about this requirement, defendant did not appear within the time limit of the order and was subsequently arrested for failing to comply. The State charged him with contempt of court pursuant to Vermont Rule of Criminal Procedure 42. Defendant was arraigned on December 12, 2005. By that time, he also faced a charge of violating the condition of his probation that he not be charged with an additional offense.

¶ 4. At arraignment, defendant's attorney moved orally for the court to exercise its discretion and dismiss the matter. See *Orr v. Orr*, 122 Vt. 470, 474, 177 A.2d 233, 236 (1962) ("The power of contempt is, in the main, discretionary."). Counsel urged that the exercise of discretion was appropriate because defendant faced "a violation of probation with an added sanction."

¶ 5. The court declined to rule on whether it had discretion to dismiss defendant's contempt charge. Counsel then asked the court to accept his client's admission to violation of probation and guilty plea to contempt in exchange for a $150 fine. After converting the fine into twenty hours of community service, the court commenced the plea colloquy, and defendant pleaded guilty to contempt and admitted the probation violation. The court sentenced him to twenty hours of community service for contempt and an additional forty hours of community service for violating his probation. When asked if counsel had anything to add, defendant's attorney stated: "No. Subject to the things we already spoke about."

¶ 6. Several days after the conclusion of arraignment proceedings, defendant, through counsel, filed a motion to arrest judgment and request for hearing in the criminal contempt case pursuant to Rule 34. See V.R.Cr.P. 34. Rule 34 provides that "[t]he court on motion of a defendant shall arrest judgment if the indictment or information does not charge an offense or if the court was without jurisdiction of the offense charged."

¶ 7. Defendant's Rule 34 motion relied on two main arguments. First, defendant argued that his failure to appear for fingerprinting as ordered by the court did "not impede[ ] or interrupt the Court's proceedings or lessen its dignity" and, therefore, the appropriate charge was civil, not criminal, contempt. See *In re C.W.*, 169 Vt. 512, 517, 739 A.2d 1236, 1240 (1999). Alternatively, even if the appropriate charge was criminal contempt, defendant contended that "a material element of the charge" was missing because the court's initial fingerprinting order did not expressly

state the consequences of failing to obey it. See *id.* at 519, 739 A.2d at 1241.[3]

¶ 8. The district court denied defendant's motion. On the first issue, it reasoned that the contempt was criminal as opposed to civil because the purpose of the charge was to punish defendant for failing to obey a court order, consistent with the purpose of criminal contempt. See *id.* at 516, 739 A.2d at 1239 ("The purpose of a criminal contempt proceeding is punitive, and the purpose of a civil contempt proceeding is coercive."). As to the second argument, the court acknowledged limited Vermont case law as to whether advance notice of potential criminal consequences is required for criminal contempt. See *id.* at 518-19, 739 A.2d at 1240-41 (requiring warning of potential criminal consequences for violation of protective orders under 33 V.S.A. § 5534); *State v. Coburn*, 2006 VT 31, ¶ 11, 179 Vt. 448, 898 A.2d 128 (stating that "only process due" with respect to warnings in the criminal context "is what the statute directs to be done"). The district court further noted a split in the federal circuit courts on the issue, see *United States v. Petito*, 671 F.2d 68, 72-73 (2d Cir. 1982) (collecting cases), and ultimately concluded that, in the absence of any statutory requirement that defendant be warned of the potential criminal consequences of failing to submit to fingerprinting, no such warning was required.

¶ 9. On appeal, defendant argues that the fingerprinting statute, 20 V.S.A. § 2061(e), provides the court authority to order fingerprinting in defendant's circumstances only as a condition of probation. Thus, he contends, "[t]he scheme used in Bennington allows a double penalty to be imposed on the defendant: a contempt of court and a violation of probation" contrary to the statute. Further, he maintains that, if the charge was properly criminal contempt, he was not provided sufficient notice of the consequences of failing to obey the court's order.

 ¶ 10. Although not addressed by either party, our first inquiry is whether defendant's statutory argument is within the scope of our review, given its debut on appeal. Absent plain error,

---

[3] In his Rule 34 motion, defendant referenced the fingerprinting statute, 20 V.S.A. § 2061, twice, stating that it "does not provide either a penalty or require a warning of the consequences for failure to obey such an Order as is at issue in this matter" and that fingerprints are collected under the statute for the Vermont Crime Information Center.

arguments raised for the first time on appeal are generally not preserved. *State v. Sprague*, 2003 VT 20, ¶ 11, 175 Vt. 123, 824 A.2d 539. Apart from plain error, however, Rule 12(b)(2) expressly provides that defenses and objections that the information or indictment "fails . . . to charge an offense . . . shall be noticed by the court at any time during the pendency of the proceeding." See Reporter's Notes, Rule 12(b)(2) (explaining that "the defense that the indictment or information fails to charge an offense" is "[e]xcepted from the waiver provision of Rules 12(b)(2) and (g)" and thus "may be raised at any time during the pendency of the proceeding and even on appeal"). The scope of the Rule 12(b)(2) waiver exception is practically identical to the scope of a Rule 34 motion. See *State v. Phillips*, 142 Vt. 283, 290, 455 A.2d 325, 329 (1982) (concluding that, although defendant failed to file a timely Rule 34 motion challenging the information, his argument could nevertheless be raised on appeal given the Rule 12(b)(2) waiver exception). Defendant's statutory argument falls within the scope of Rule 12(b)(2), because he contends that he could not be charged with both contempt and a violation of probation under the terms of the fingerprinting statute. Thus, because defendant may raise this argument for the first time on appeal pursuant to Rule 12(b)(2), we now address the merits of his claim.

■ ■ ¶ 11. We have stated that, generally, "[t]rial courts have discretion to issue contempt orders, and reversal of a contempt judgment is appropriate only if the trial court's discretion was either totally withheld or exercised on grounds clearly untenable or unreasonable." *In re Duckman*, 2006 VT 23, ¶ 7, 179 Vt. 467, 898 A.2d 734 (quotation and citation omitted). We also note that courts have inherent power to punish criminal contempt. See *C.W.*, 169 Vt. at 517, 739 A.2d at 1240-41. On the other hand, we have held that the grounds for criminal contempt can be imposed by statute. See *State v. Allen*, 145 Vt. 593, 600, 496 A.2d 168, 172 (1985) (substantive legal standards for contempt may be "set by common law and statute"). Thus, we view the question before us as primarily one of statutory interpretation: whether the Legislature has made apparent that failure to provide fingerprints after conviction with a sentence of imprisonment is punishable as a violation of probation and not as criminal contempt.

¶ 12. Our rules of statutory interpretation are well-settled and familiar. Our goal is to implement the Legislature's intent and "[t]he definitive source of legislative intent is the statutory lan-

guage, by which we are bound unless it is uncertain or unclear." *In re Bennington Sch., Inc.*, 2004 VT 6, ¶ 12, 176 Vt. 584, 845 A.2d 332 (mem.). We assume the Legislature intended the plain and ordinary meaning of the language it used, *State v. LeBlanc*, 171 Vt. 88, 91, 759 A.2d 991, 993 (2000), and thus, "[o]nly when the objective of the legislation would be defeated by literal enforcement of statutory provisions can the Court, in construing a particular law, depart from the ordinary and usual meaning of the language used therein." *Town Sch. Dist. of St. Johnsbury v. Town Sch. Dist. of Topsham*, 122 Vt. 268, 271, 169 A.2d 352, 354 (1961). "Otherwise, enforcement must be according to the statute's obvious terms." *Id.*

¶ 13. The full text of 20 V.S.A. § 2061(e) is as follows:

> If a defendant is convicted of a misdemeanor or a felony and the conviction results in a sentence of imprisonment, whether that sentence is to be served, deferred or suspended, and the defendant has not been previously fingerprinted and photographed in connection with the criminal proceedings leading to the conviction, upon the request of the attorney for the state, the defendant shall submit to be fingerprinted and photographed at a time and place set by the court as a condition of probation.

■ The statute plainly directs that the court require that a defendant who is sentenced to imprisonment submit to fingerprinting as a condition of probation. Thus, the Legislature intended that a failure to submit to fingerprinting will be a violation of probation, punishable like any other violation. The question then is whether the state's attorney can evade the statutory enforcement method by requesting that the court sign a separate order that will make failure to comply a separate crime. For a number of reasons, we do not believe that the Legislature intended such power.

■ ¶ 14. First, there is no statutory authority for the order defendant violated although the statute specifically authorizes such an order in other circumstances.[4] See 20 V.S.A. § 2061(d) (autho-

---

[4] In fact, this is a case in which defendant should have been fingerprinted much earlier because he was charged with a felony. Section 2061(a) requires a law enforcement officer to fingerprint a person charged with a felony whether he was arrested or given a summons or citation. Apparently, this requirement was not

rizing the court to order defendant to appear for fingerprinting at arraignment when the defendant is charged with a felony or being a fugitive from justice, has not previously been fingerprinted or charged with a misdemeanor and when the prosecutor shows good cause for such an order). Because of the specific authorization for such an order in § 2061(d), and the direction for only a probation order in subsection (e), we conclude that the Legislature intended that the post-judgment requirement for fingerprinting be imposed only in a probation order and not by separate order as occurred here.

¶ 15. Second, the inherent authority to punish disobedience to judicial orders is a creature of necessity, to ensure " 'that the Judiciary has a means to vindicate its own authority.' " *C.W.*, 169 Vt. at 517, 739 A.2d at 1240 (quoting *Young v. United States*, 481 U.S. 787, 796 (1987)). Thus, we noted in *In re Morse*, 98 Vt. 85, 94, 126 A. 550, 553 (1924), that we endorse "the proposition that a grant of authority to either a legislative or judicial body carries with it implied power to punish for contempt, *in so far as necessary* to preserve and carry out the legislative authority given." (emphasis added). There is no compelling reason to use the contempt power here. The Legislature has established a remedy to enforce the judicial order.

¶ 16. Third, the effect of the State's construction is that defendant is inevitably guilty of breach of probation and a separate crime for the same conduct. Thus, defendant faces double liability because he violated the probation condition of being charged with another crime, as well as committing criminal contempt. We recently held in a different context in *State v. Hazelton*, 2006 VT 121, ¶ 39, 181 Vt. 118, 915 A.2d 224:

> The Legislature is free to punish the same conduct under two statutes, but its intent to do so must be clear. [*State v.*] *Ritter*, 167 Vt. 632, [632,] 714 A.2d [624], 625 [(1998) (mem.).] "Because the two provisions set forth the 'same' offense under [*Blockburger*, 284 U.S. 299, 304 (1932),] we must presume that the Legislature did not intend for the imposition of cumulative punishment . . . ."

honored. Assuming a defendant charged with a felony has not been fingerprinted, § 2061(d) requires that at arraignment the defendant submit to fingerprinting at a time and place ordered by the court. Apparently, no one required defendant to submit to fingerprinting at arraignment.

[*State v.*] *Grega*, 168 Vt. [363,] 384, 721 A.2d [445,] 460 [(1998)]. The presumption may be overcome, but only by a " 'clear indication of contrary legislative intent,' " such as an explicit provision that the penalty is to apply cumulatively. *Id.* at 385, 721 A.2d at 460.

While *Hazelton* does not directly control because we are dealing with separate liability caused by a probation condition and not a statute, the effect is the same. In saying this, we also recognize that the impact of this probation condition is to create double liability when a probationer is charged with a separate crime. Here, however, the crime is not separate; it arises out of the post-conviction conduct that the court is regulating via probation supervision.

¶ 17. We are concerned about the ramifications of endorsing this practice. As the State was candid in admitting, this order arose from a project by a state's attorney to increase the consequences for failing to give fingerprints. Thus, the prosecutor intended to create double liability, even if the Legislature did not. Furthermore, in the absence of statutory authority for the court's order, we do not see the line between this post-conviction conduct and other post-conviction conduct the court could order or prohibit. We weaken the probation system if we authorize the court to make direct orders, punishable by contempt, for behavior that generally has been regulated by probation conditions.

¶ 18. Finally, we do not agree with the State that the court's order in this case is harmless. Harmless error is "[a]ny error, defect, irregularity or variance which does not affect substantial rights." V.R.Cr.P. 52(a); see, e.g., *State v. Oscarson*, 2004 VT 4, ¶ 31, 176 Vt. 176, 845 A.2d 337 (assessing harmlessness by likelihood of conviction in the absence of the error). Although defendant's sentence for the contempt charge was merely twenty hours of community service, he was convicted of and sentenced for two charges instead of one. An improper criminal conviction, even one carrying with it as minimal a penalty as this, cannot be harmless; wrongful convictions are precisely the sort of "miscarriage of justice" we cannot let stand. *State v. Kimmick*, 2007 VT 45, ¶ 7, 181 Vt. 635, 928 A.2d 489 (mem.); see V.R.Cr.P. 52(b).

¶ 19. Thus, we conclude that the plain language of the fingerprinting statute provides only probation, and, by extension, violation-of-probation proceedings, as the means to enforce post-

sentencing fingerprinting. The district court's fingerprinting order and defendant's resulting contempt conviction, therefore, were in violation of 20 V.S.A. § 2061(e), and defendant's contempt conviction must be vacated.

*Reversed and remanded.*