CARROLL, J.
¶ 1. This case asks whether Vermont's implied consent statute precludes a defendant from arguing that the results of an evidentiary breath test should be suppressed because the defendant's consent to the evidentiary breath test was not voluntary. Defendant Walker Edelman appeals a trial court order denying his motion to suppress and dismiss, in which the trial court concluded that the Legislature had effectively granted automatic and presumptive consent to an evidentiary breath test by means of the implied consent statute and therefore defendant could not challenge admission of an evidentiary breath sample as involuntarily obtained. We reverse and remand.
¶ 2. The facts are undisputed. Police received a tip on the evening of July 13, 2016, that a car with out-of-state license plates was having difficulty maintaining its speed and lane position. The tip identified the first three characters on the car's license plates. Shortly after receiving the tip, an officer spotted a vehicle that matched the tip's description and initiated a traffic stop. Defendant was driving the car. The officer smelled alcohol upon making contact with defendant and noted that defendant's pupils were dilated. The officer asked defendant to step out of the car so that the officer could conduct field sobriety exercises. The field sobriety exercises resulted in several clues indicating impairment. The officer also administered a preliminary breath test, which resulted in a reading of .119. The officer then arrested defendant for driving under the influence and transported him to the police station. At the station, the officer read defendant Vermont's implied consent law verbatim, including the law's provisions that the officer could request an evidentiary breath sample to be used to determine whether defendant was under the influence and that defendant could consult with an attorney before deciding whether to provide an evidentiary breath sample. Defendant indicated that he understood the language read by the officer, did not want to consult with an attorney, and would provide the requested evidentiary breath sample. Defendant's evidentiary sample indicated a blood alcohol content of .127. Defendant was subsequently charged with violating 23 V.S.A. § 1201(a)(2), operating a motor vehicle on a public highway while under the influence of intoxicating liquor.
¶ 3. Defendant was arraigned the next day. At his arraignment, he pled not guilty. Approximately a month later, defendant filed a motion to suppress the results of his evidentiary breath test on grounds that the sample was obtained without a warrant or valid consent in violation of both the Fourth Amendment to the U.S. Constitution and Article 11 of the Vermont Constitution. Defendant also filed a motion to dismiss the charge against him. The trial court denied both motions without an evidentiary hearing, deciding that the implied consent law provided consent *559 to the taking of an evidentiary breath sample and defendant, therefore, could not as a matter of law argue that the sample was taken without voluntary consent. Defendant entered a conditional guilty plea, reserving the right to appeal the trial court's decision. He now appeals.
¶ 4. This case presents a narrow, and exclusively legal, question-whether the statutory implied consent law stands in for the requirements of Article 11 of the Vermont Constitution such that a defendant cannot challenge admission of the results of an evidentiary breath test as obtained without voluntary consent. As with any question of pure law, this Court reviews the trial court's legal conclusions in a denial of a motion to suppress de novo. State v. Coburn, 2006 VT 31, ¶ 8, 179 Vt. 448, 898 A.2d 128. We conclude that the implied consent law does not bar a voluntariness challenge. Thus, the trial court's decision that defendant could not bring a voluntariness challenge to admission of the results of his evidentiary breath test because of the implied consent statute is unsupported.
¶ 5. In relevant part, Vermont's implied consent law provides the following:
Every person who operates, attempts to operate, or is in actual physical control of any vehicle on a highway in this State is deemed to have given consent to an evidentiary test of that person's breath for the purpose of determining the person's alcohol concentration or the presence of other drug in the blood.
23 V.S.A. § 1202(a)(1). The evidentiary test described in this section "shall be required of a person when a law enforcement officer has reasonable grounds to believe that the person was operating, attempting to operate, or in actual physical control of a vehicle" under the influence of either alcohol or another intoxicating substance. Id. § 1202(a)(3). Refusal to comply with law enforcement's reasonable request for an evidentiary breath sample may result in the civil suspension of the person's license for six months. Id. § 1202(d)(2). The refusal may also be entered into evidence against the person at any subsequent trial, and the person may be charged with the separate offense of criminal refusal if the person has a previous conviction for operating under the influence or is, at the time of refusal, "involved in an accident or collision resulting in serious bodily injury or death to another." Id. § 1202(d)(6).
¶ 6. In State v. McGuigan, we held that a preliminary breath test is a search for purposes of Article 11. 2008 VT 111, ¶ 11, 184 Vt. 441, 965 A.2d 511. In reaching that decision, we relied on the U.S. Supreme Court's holding in Skinner v. Railway Labor Executives' Ass'n, 489 U.S. 602, 616-17, 109 S.Ct. 1402, 103 L.Ed.2d 639 (1989), that an evidentiary breath test, "which generally requires the production of alveolar or 'deep lung' breath for chemical analysis," is a search for Fourth Amendment purposes. McGuigan, 2008 VT 111, ¶ 10, 184 Vt. 441, 965 A.2d 511 (quotation omitted). Thus, under McGuigan an evidentiary breath test is likewise a search for purposes of Article 11. Article 11 provides:
That the people have a right to hold themselves, their houses, papers, and possessions, free from search or seizure; and therefore warrants, without oath or affirmation first made, affording sufficient foundation for them, and whereby by any officer or messenger may be commanded or required to search suspected places, or to seize any person or persons, his, her or their property, not particularly described, are contrary to that right, and ought not to be granted.
Vt. Const. ch. I, art. 11. Under Article 11, "[w]arrantless searches are ... per se unreasonable."
*560 State v. Medina, 2014 VT 69, ¶ 13, 197 Vt. 63, 102 A.3d 661. Though, "[p]robable cause and a search warrant are not required when consent to search is voluntarily given by one authorized to do so." State v. Zaccaro, 154 Vt. 83, 87, 574 A.2d 1256, 1259 (1990).
¶ 7. A law enforcement officer's warrantless request for an evidentiary breath sample meets the requirements of Article 11 for two reasons. First, for purposes of Vermont's implied consent law, "the term 'reasonable grounds' is akin to probable cause." State v. Perley, 2015 VT 102, ¶ 18, 200 Vt. 84, 129 A.3d 93 ; see also Shaw v. Vt. Dist. Ct., Unit No. 3, Franklin Cir., 152 Vt. 1, 5, 563 A.2d 636, 639 (1989) ("[T]he determination of the officer's reasonableness is similar to a probable cause determination made to obtain a search or arrest warrant."). Thus, an officer's request for an evidentiary breath sample is grounded on the same quantum of support that would be necessary to support issuance of a warrant. As we explained in Shaw, "[t]he purpose of the determination is to ensure the officer has a certain amount of evidence of operation while under the influence before requesting that the individual involved take a breath test." 152 Vt. at 5, 563 A.2d at 639 (quotation omitted).
¶ 8. Second, and more importantly, a driver asked to take an evidentiary breath test "is not required to submit to a test." State v. Muzzy, 124 Vt. 222, 224, 202 A.2d 267, 269 (1964). While § 1202 sets out civil and criminal penalties for the refusal to take an evidentiary breath test under some circumstances, the choice whether to take the test remains with the defendant. The State conceded as much at oral argument before this Court, and our caselaw makes clear that even if law enforcement's request is reasonable, law enforcement cannot force a person to take an evidentiary breath test. See, e.g., McGuigan, 2008 VT 111, ¶ 17, 184 Vt. 441, 965 A.2d 511 ("The trooper may not physically force [a person] to perform the field-sobriety exercises or to blow into the PBT device."); Coburn, 2006 VT 31, ¶ 10, 179 Vt. 448, 898 A.2d 128 ("[A] breath test is not compelled.") ; State v. Morale, 174 Vt. 213, 217, 811 A.2d 185, 188 (2002) ("Rather than enforce the implied consent statute by compelling a DUI suspect to produce a breath sample, however, the Legislature has chosen to penalize the refusal to produce a sample voluntarily.").* An evidentiary breath test is a consent search, albeit a consent search wherein the Legislature has paired the requirement that law enforcement have some suspicion of criminality tantamount to probable cause with consequences for refusal to comply with law enforcement's reasonable request.
*561 ¶ 9. As such, and as in other contexts, a defendant may argue that based upon particular circumstances, consent was not given voluntarily. To hold otherwise would render § 1202 roughly equivalent to a legislatively granted general warrant. This is contrary to the purposes of Article 11 -"[t]he warrant requirement ... favors judicial decisionmaking over legislative decisionmaking-that is, evaluations made on a case-by-case basis, with particularized suspicion, rather than on the issuance of 'general warrants'-or laws that may essentially function as general warrants." Medina, 2014 VT 69, ¶ 13, 197 Vt. 63, 102 A.3d 661. In this context, a specific voluntariness challenge serves the purpose of a stopgap. Vermont's implied consent law permits law enforcement to request an evidentiary breath test without first seeking judicial approval regarding whether sufficient evidence supports law enforcement's determination that such a request is "reasonable." 23 V.S.A. § 1202(a)(3). And in the absence of a warrant, and because a person cannot be compelled to submit to a breath test, a person must voluntarily consent to the search. But if a specific voluntariness challenge is precluded because the Legislature is deemed to have given automatic and absolute consent on behalf of drivers to an evidentiary breath test, then there is no check on whether the consent given is in fact voluntary or individualized, as such consent must be under Article 11. See Zaccaro, 154 Vt. at 87, 574 A.2d at 1259. Rather, consent is granted legislatively, without the necessary intercession of the judiciary.
¶ 10. This is not to say that the State is required to prove voluntariness as a threshold matter every time it intends to admit breath test results. But when a specific challenge is made in a given case, the State must make the required showing that the defendant voluntarily submitted to the breath test. "Voluntariness is to be determined from the totality of the circumstances, with the State carrying the burden of demonstrating that the consent was freely given and not coerced by threats or force, or granted only in submission to a claim of lawful authority." State v. Betts, 2013 VT 53, ¶ 14, 194 Vt. 212, 75 A.3d 629 (quotation omitted); see also Schneckloth v. Bustamonte, 412 U.S. 218, 227, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973) (holding under Fourth Amendment "the question whether a consent to a search was in fact 'voluntary' or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances"). Whether consent was voluntarily given "depends heavily on the facts of each individual case." State v. Ford, 2007 VT 107, ¶ 12, 182 Vt. 421, 940 A.2d 687. Determination of whether consent was voluntary thus depends on adequate factfinding in the first instance. Here, the trial court did not hold an evidentiary hearing on the issue of voluntariness after defendant raised it, deciding instead that such a challenge was precluded by Vermont's implied consent law. On this record, we cannot determine whether defendant voluntarily consented to law enforcement's request for an evidentiary breath sample. Accordingly, we remand for an evidentiary hearing on this issue.
Reversed and remanded.

We acknowledge that some of our caselaw may be read to say that, contrary to our holding here, Vermont's implied consent law can stand in for voluntary consent to an evidentiary breath test. For example, in Morale, we stated that "[b]ecause a DUI suspect is already deemed to have consented to the breath test, no impermissible coercion is involved when the suspect refuses to submit to take the test." 174 Vt. at 217, 811 A.2d at 188 (quotation omitted). We also stated that the sample obtained from an evidentiary breath test "was not compelled because defendants had already agreed, albeit impliedly, to provide" this evidence. Id. at 217-18, 811 A.2d at 189. The trial court in this case relied on Morale to reach its result. But Morale is inapposite regarding the precise issue in this case-Morale addressed whether the refusal to take an evidentiary breath test should be suppressed because admission of the refusal would violate constitutional proscriptions against compelled self-incrimination. Id. at 214, 811 A.2d at 186. As such, Morale's Fifth Amendment analysis is distinct from the Article 11 analysis implicated here and Morale's statements regarding whether a defendant can be said to have given actual consent to an evidentiary breath test are irrelevant to the issue in this case.