2007 VT 106




State
v. Stell (2006-190)


 


2007
VT 106


 


[Filed
21-Sep-2007]


 


NOTICE: 
This opinion is subject to motions for reargument under V.R.A.P. 40 as well as
formal revision before publication in the Vermont Reports.  Readers are
requested to notify the Reporter of Decisions, Vermont Supreme Court, 109 State
Street, Montpelier, Vermont 05609-0801 of any errors in order that corrections
may be made before this opinion goes to press.


 


                                                                   
2007
VT 106


 


                                                                  
No.
2006-190


 


 


State
of
Vermont                                                                            
Supreme
Court


 


On
Appeal from


    
v.                                                                                                
District
Court of Vermont,


Unit
No. 2, Bennington Circuit


 


Paul
E.
Stell                                                                                    
March
Term, 2007


 


 


David Suntag, J.


 


Sandra C. Bevans
and Gabrielle J. Gautieri (On the Brief), Bennington County Deputy State’s


  Attorneys,
Bennington, for Plaintiff-Appellee.


 


Matthew F.
Valerio, Defender General, Anna Saxman, Deputy Defender General, and Josh


  O’Hara, Law
Clerk (On the Brief), Montpelier, and Frederick C. Bragdon, Public Defender,


  Bennington,
for Defendant-Appellant.


 


 


PRESENT: 
Reiber, C.J., Dooley, Johnson, Skoglund and Burgess, JJ.


 









¶  1.          
DOOLEY, J.   Defendant appeals the denial of his
motion to arrest judgment after pleading guilty to both contempt, for failing
to appear for fingerprinting as order by the court, and violation of a
condition of his probation, for being arrested for an additional offense.  On
appeal, defendant argues, in part, that the court’s fingerprinting order
violated 20 V.S.A. § 2061(e), which requires that post-sentencing
fingerprinting be imposed “as a condition of probation.”  Despite his failure
to raise this argument below, we agree that the district court’s order, and
defendant’s resulting contempt conviction,[1]
violated  20 V.S.A. § 2061(e).  We therefore reverse and remand for the
district court to vacate defendant’s contempt conviction on this ground alone,
and we do not reach the remainder of defendant’s claims. 


¶  2.          
The facts begin with defendant’s
guilty plea to unlawful mischief, for which he received suspended jail time and
probation with the standard conditions.  The probation order did not contain a
condition that defendant submit to fingerprinting, but instead, on request of
the prosecution,[2] the court
issued a separate order requiring that defendant appear within five days at the
local police station for fingerprinting.  The probation order did contain a
standard condition that defendant not be charged with an additional offense.  


¶  3.          
Claiming that he
forgot about this requirement, defendant did not appear within the time limit
of the order and was subsequently arrested for failing to comply.  The State
charged him with contempt of court pursuant to Vermont Rule of Criminal
Procedure 42.  Defendant was arraigned on December 12, 2005.  By that time, he
also faced a charge of violating the condition of his probation that he not be
charged with an additional offense. 


¶  4.          
At arraignment,
defendant’s attorney moved orally for the court to exercise its discretion and
dismiss the matter.  See Orr v. Orr, 122 Vt. 470, 474, 177 A.2d 233, 236
(1962) (“The power of contempt is, in the main, discretionary.”).  Counsel
urged that the exercise of discretion was appropriate because defendant faced “a
violation of probation with an added sanction.” 









¶  5.          
The court declined to
rule on whether it had discretion to dismiss defendant’s contempt charge. 
Counsel then asked the court to accept his client’s admission to violation of
probation and guilty plea to contempt in exchange for a $150 fine.  After
converting the fine into twenty hours of community service, the court commenced
the plea colloquy, and defendant pleaded guilty to contempt and admitted the
probation violation.  The court sentenced him to twenty hours of community
service for contempt and an additional forty hours of community service for
violating his probation.  When asked if counsel had anything to add, defendant’s
attorney stated: “No.  Subject to the things we already spoke about.” 


¶  6.          
Several days after
the conclusion of arraignment proceedings, defendant, through counsel, filed a
motion to arrest judgment and request for hearing in the criminal contempt case
pursuant to Rule 34.  See V.R.Cr.P. 34.  Rule 34 provides that “[t]he court on
motion of a defendant shall arrest judgment if the indictment or information
does not charge an offense or if the court was without jurisdiction of the
offense charged.”  


¶  7.          
Defendant’s Rule 34
motion relied on two main arguments.  First, defendant argued that his failure
to appear for fingerprinting as ordered by the court did “not impede[] or
interrupt the Court’s proceedings or lessen its dignity” and, therefore, the
appropriate charge was civil, not criminal, contempt.  See  In re C.W.,
169 Vt. 512, 517, 739 A.2d 1236, 1240 (1999).  Alternatively, even if the
appropriate charge was criminal contempt, defendant contended that “a material
element of the charge” was missing because the court’s initial fingerprinting
order did not expressly state the consequences of failing to obey it.  See id.
at 519, 739 A.2d at 1241.[3] 









¶  8.          
The district court
denied defendant’s motion.  On the first issue, it reasoned that the contempt
was criminal as opposed to civil because the purpose of the charge was to
punish defendant for failing to obey a court order, consistent with the purpose
of criminal contempt.  See id. at 516, 739 A.2d at 1239 (“The purpose of
a criminal contempt proceeding is punitive, and the purpose of a civil contempt
proceeding is coercive.”).  As to the second argument, the court acknowledged
limited Vermont case law as to whether advance notice of potential criminal
consequences is required for criminal contempt.  See id. at 518-19, 739
A.2d at 1240-41 (requiring warning of potential criminal consequences for
violation of protective orders under 33 V.S.A. § 5534); State v. Coburn,
2006 VT 31, ¶ 11, 179 Vt. 448, 898 A.2d 128 (stating that “only process due”
with respect to warnings in the criminal context “is what the statute directs
to be done”).  The district court further noted a split in the federal circuit
courts on the issue, see United States v. Petito, 671 F.2d 68, 72-73 (2d
Cir. 1982) (collecting cases), and ultimately concluded that, in the absence of
any statutory requirement that defendant be warned of the potential criminal
consequences of failing to submit to fingerprinting, no such warning was
required.


¶  9.          
On appeal, defendant
argues that the fingerprinting statute, 20 V.S.A. § 2061(e), provides the court
authority to order fingerprinting in defendant’s circumstances only as a
condition of probation.  Thus, he contends, “[t]he scheme used in Bennington
allows a double penalty to be imposed on the defendant: a contempt of court and
a violation of probation” contrary to the statute. Further, he maintains that,
if the charge was properly criminal contempt, he was not provided sufficient
notice of the consequences of failing to obey the court’s order.  









¶  10.          
Although not
addressed by either party, our first inquiry is whether defendant’s statutory
argument is within the scope of our review, given its debut on appeal.  Absent
plain error, arguments raised for the first time on appeal are generally not
preserved.  State v. Sprague, 2003 VT 20, ¶ 11, 175 Vt. 123, 824 A.2d
539.  Apart from plain error, however, Rule 12(b)(2) expressly provides that
defenses and objections that the information or indictment “fails . . . to
charge an offense . . . shall be noticed by the court at
any time during the pendency of the proceeding.”  See Reporter’s Notes, Rule
12(b)(2) (explaining that “the defense that the indictment or information fails
to charge an offense” is “[e]xcepted from the waiver provision of Rules
12(b)(2) and (g)” and thus “may be raised at any time during the pendency of
the proceeding and even on appeal”).  The scope of the Rule 12(b)(2)
waiver exception is practically identical to the scope of a Rule 34
motion.  See State v. Phillips, 142 Vt. 283, 290, 455 A.2d 325, 329
(1982) (concluding that, although defendant failed to file a timely Rule 34
motion challenging the information, his argument could nevertheless be raised
on appeal given the Rule 12(b)(2) waiver exception).  Defendant’s statutory
argument falls within the scope of Rule 12(b)(2), because he contends that he
could not be charged with both contempt and a violation of probation under the
terms of the fingerprinting statute.  Thus, because defendant may raise this
argument for the first time on appeal pursuant to Rule 12(b)(2), we now address
the merits of his claim.      


¶  11.          
We have stated that,
generally, “[t]rial courts have discretion to issue contempt orders, and
reversal of a contempt judgment is appropriate only if the trial court’s
discretion was either totally withheld or exercised on grounds clearly
untenable or unreasonable.”  In re Duckman, 2006 VT 23, ¶ 7, 179 Vt.
467, 898 A.2d 734 (quotation and citation omitted).  We also note that courts
have inherent power to punish criminal contempt.  See C.W., 169 Vt. at
517, 739 A.2d at 1240-41.  On the other hand, we have held that the grounds for
criminal contempt can be imposed by statute.  See State v. Allen, 145
Vt. 593, 600, 496 A.2d 168, 172 (1985) (substantive legal standards for
contempt may be “set by common law and statute”).  Thus, we view the question
before us as primarily one of statutory interpretation: whether the Legislature
has made apparent that failure to provide fingerprints after conviction with a
sentence of imprisonment is punishable as a violation of probation and not as
criminal contempt.









¶  12.          
Our rules of
statutory interpretation are well-settled and familiar.  Our goal is to
implement the Legislature’s intent and “[t]he definitive source of legislative
intent is the statutory language, by which we are bound unless it is uncertain
or unclear.”  In re Bennington Sch., Inc., 2004 VT 6, ¶ 12, 176 Vt. 584,
845 A.2d 332 (mem.).  We assume the Legislature intended the plain and ordinary
meaning of the language it used, State v. LeBlanc, 171 Vt. 88, 91, 759
A.2d 991, 993 (2000), and thus, “[o]nly when the objective of the legislation
would be defeated by literal enforcement of statutory provisions can the Court,
in construing a particular law, depart from the ordinary and usual meaning of
the language used therein.”  Town Sch. Dist. of Town of St. Johnsbury v.
Town Sch. Dist. of Topsham, 122 Vt. 268, 271, 169 A.2d 352, 354 (1961).  “Otherwise,
enforcement must be according to the statute’s obvious terms.”  Id.  


  The full text of 20 V.S.A. § 2061(e) is
as follows:


  If a defendant is convicted of a
misdemeanor or a felony and the conviction results in a sentence of
imprisonment, whether that sentence is to be served, deferred or suspended, and
the defendant has not been previously fingerprinted and photographed in connection
with the criminal proceedings leading to the conviction, upon the request of
the attorney for the state, the defendant shall submit to be fingerprinted and
photographed at a time and place set by the court as a condition of probation. 



 


The statute plainly directs that the
court require that a defendant who is sentenced to imprisonment submit to
fingerprinting as a condition of probation.  Thus, the Legislature intended
that a failure to submit to fingerprinting will be a violation of probation, punishable
like any other violation.  The question then is whether the state’s attorney
can evade the statutory enforcement method by requesting that the court sign a
separate order that will make failure to comply a separate crime.  For a number
of reasons, we do not believe that the Legislature intended such power. 









¶  13.        First, there is no statutory authority
for the order defendant violated although the statute specifically authorizes
such an order in other circumstances.[4]  See 20
V.S.A. § 2061(d) (authorizing the court to order defendant to appear for
fingerprinting at arraignment when the defendant is charged with a felony or
being a fugitive from justice, has not previously been fingerprinted or charged
with a misdemeanor and when the prosecutor shows good cause for such an
order).  Because of the specific authorization for such an order in section
2061(d), and the direction for only a probation order in subsection (e), we
conclude that the Legislature intended that the post-judgment requirement for
fingerprinting be imposed only in a probation order and not by separate order
as occurred here.


¶  14.       Second, the inherent authority to punish
disobedience to judicial orders is a creature of necessity, to ensure “ ‘that
the Judiciary has a means to vindicate its own authority.’”  C.W., 169
Vt. at 517, 739 A.2d at 40 (quoting Young v. United States, 481 U.S.
787, 796 (1987)).  Thus, we noted in In re Morse, 98 Vt. 85, 94, 126 Vt.
550, 556 (1924),  that we endorse “the proposition that a grant of authority to
either a legislative or judicial body carries with it implied power to punish
for contempt, in so far as necessary to preserve and carry out the
legislative authority given.” (emphasis added).  There is no compelling reason
to use the contempt power here.  The Legislature has established a remedy to
enforce the judicial order.  


¶  15.       Third, the effect of the State’s construction
is that defendant is inevitably guilty of breach of probation and a separate
crime for the same conduct.   Thus, defendant faces double liability because he
violated the probation condition of being charged with another crime, as well
as committing criminal contempt.   We recently held in a different context in State
v. Hazelton, 2006 VT 121, ¶ 39, _Vt. _, 915 A.2d 224: 


The Legislature is free to punish the
same conduct under two statutes, but its intent to do so must be clear.  State
v. Ritter, 167 Vt. 632, 632, 714 A.2d 624, 625 (1998) (mem.).  “Because the
two provisions set forth the ‘same’ offense under Blockburger, 284 U.S.
299, 304 (1932), we must presume that the Legislature did not intend for the
imposition of cumulative punishment . . . .”  State v. Grega, 168 Vt.
363, 384, 721 A.2d 445, 460 (1998). The presumption may be overcome, but only
by a “‘clear indication of contrary legislative intent,’” such as an explicit
provision that the penalty is to apply cumulatively.  Id. at 385, 721
A.2d at 460.


 









While Hazelton does not directly
control because we are dealing with separate liability caused by a probation
condition and not a statute, the effect is the same.  In saying this, we also
recognize that the impact of this probation condition is to create double
liability when a probationer is charged with a separate crime.  Here, however,
the crime is not separate; it arises out of the post-conviction conduct that
the court is regulating via  probation supervision.


¶  16.       We are concerned about the ramifications
of endorsing this practice.  As the State was candid in admitting, this order
arose from a project by a state’s attorney to increase the consequences for
failing to give fingerprints.  Thus, the prosecutor intended to create double
liability, even if the Legislature did not.  Furthermore, in the absence of
statutory authority for the court’s order, we do not see the line between this
post-conviction conduct and other post-conviction conduct the court could order
or prohibit.  We weaken the probation system if we authorize the court to make
direct orders, punishable by contempt, for behavior that generally has been
regulated by probation conditions.


¶  17.       Finally, we do not agree with the State
that the court’s order in this case is harmless.  Harmless error is “[a]ny
error, defect, irregularity or variance which does not affect substantial
rights.”  V.R.Cr.P. 52(a); see, e.g., State v. Oscarson, 2004 VT 4, ¶
31, 176 Vt. 176, 845 A.2d 337 (assessing harmlessness by likelihood of
conviction in the absence of the error).  Although defendant’s sentence for the
contempt charge was merely twenty hours of community service, he was convicted
of and sentenced for two charges instead of one.   An improper criminal
conviction, even one carrying with it as minimal a penalty as this, cannot be
harmless; wrongful convictions are precisely the sort of “miscarriage of
justice” we cannot let stand.  State v. Kimmick, 2007 VT 45, ¶ 7, ___
Vt. ___, 928 A.2d 489 (mem.); see V.R.Cr.P. 52(b). 









¶  18.       Thus, we conclude that the plain language
of the fingerprinting statute provides only probation, and, by extension,
violation-of-probation proceedings, as the means to enforce post-sentencing
fingerprinting.  The district court’s fingerprinting order and defendant’s
resulting contempt conviction, therefore, were in violation of 20 V.S.A. §
2061(e), and defendant’s contempt conviction must be vacated.  


Reversed and remanded.   


 


FOR THE COURT:


 


_______________________________________


Associate Justice


 







[1]  Defendant has not appealed the judgment
that he violated his probation, and we do not consider that judgment.







[2]  The current state’s attorney indicated
during oral argument that her predecessor created a special form for such
orders and generally sought them rather than a probation condition.







[3] In his Rule 34 motion, defendant
referenced the fingerprinting statute, 20 V.S.A. § 2061, twice, stating that it
“does not provide either a penalty or require a warning of the consequences for
failure to obey such an Order as is at issue in this matter” and that
fingerprints are collected under the statute for the Vermont Crime Information
Center. 







[4]  In fact, this is a case in which
defendant should have been fingerprinted much earlier because he was charged
with a felony.  Section 2061(a) requires a law enforcement officer to
fingerprint a person charged with a felony whether he was arrested or given a
summons or citation.  Apparently, this requirement was not honored.  Assuming a
defendant charged with a felony has not been fingerprinted, § 2061(d) requires
that at arraignment the defendant submit to fingerprinting at a time and place
ordered by the court. Apparently, no one required defendant to submit to
fingerprinting at arraignment.