**STATE OF VERMONT**
**ENVIRONMENTAL COURT**



|  | } |  |
|---|---|---|
| **In re: Appeal of Marc and Susan Wood** | } | **Docket No. 121-7-03 Vtec** |
|  | } |  |

+++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

|  | } |  |
|---|---|---|
| **In re: Appeal of Wood** | } | **Docket No. 185-10-04 Vtec** |
|  | } |  |

## Decision and Order on Cross-Motions for Contempt

In the above-captioned appeals, the parties have filed competing motions for contempt and associated relief. On August 24, 2007, in Docket No. 185-10-04 Vtec, the Town of Hartford ("the Town") moved for contempt, alleging that Mr. Wood has developed his property without a zoning permit and in violation of an order of this Court. The Town has requested that the Court hold Mr. Wood in contempt and enjoin Mr. Wood from performing more work on his property. The Town also asks us to require Mr. Wood to undertake certain actions to stabilize a slope and remove a retaining wall, as well as include a requirement to hire a licensed engineer to supervise the process.

On October 10, 2007, in Docket No. 121-7-03 Vtec, Appellant Marc Wood moved that the Town be held in contempt for allegedly ignoring an order of this Court. Mr. Wood contends that this Court ordered the Town to consider Mr. Wood's application to amend his zoning permit (Permit #99-1180) and that the Town deliberately ignored that order. Mr. Wood has moved that the Town be held in contempt. Mr. Wood has requested that the Court compel the Town to immediately hold hearings on his application to amend his permit. Mr. Wood has also requested that the Court "find that the subject application is complete and ready for public hearing as a matter of default, due to the failure of the ZBA not delivering a ruling on the [application's] completeness within 60 days of it being remanded back to them by this [C]ourt on [May 19, 2004]."

Mr. Wood appears <u>pro</u> <u>se</u> and has represented himself in all proceedings to this point. The Town is represented by William F. Ellis, Esq.

## Background

1.      On March 6, 2008, we issued an opinion announcing our decisions on a number of then-pending motions, and those decisions resolved motions pending in the following Dockets: <u>Town of Hartford v. Wood</u>, Docket Nos. 72-3-00 Vtec; <u>In re: Appeal of Marc and Susan Wood</u>, Docket No. 121-7-03 Vtec; <u>In re: Appeal of Wood</u>, Docket No. 185-10-04 Vtec; <u>In re: Appeal of Wood</u>, Docket No. 81-4-07 Vtec; and <u>In re: Wood Certificate of Occupancy</u>, Docket No. 176-8-07 Vtec (Vt. Envtl. Ct. Mar. 6, 2008) ("March 6 Decision"). That Decision contained a thorough recitation of the procedural posture and factual background of those pending motions as well as some of the permitting history concerning Mr. Wood's property. We recommend review of that Decision in order to place this Decision into context.

2.      On April 15, 2003, Mr. and Mrs. Wood filed an application to amend their zoning permit, Permit 99-1180, so that they could construct a project that differed in a number of respects from the project that was initially authorized. <u>In re: Appeal of Marc and Susan Wood</u>, Docket No. 121-7-03 Vtec slip op. at 4 (Vt. Envtl. Ct. May 19, 2004). The Zoning Administrator declined to accept the Woods' application, returning the application as incomplete and asserting that Permit #99-1180 had expired. <u>Id</u>. at 2.

3.      On June 16, 2003, the Zoning Board of Adjustment of the Town of Hartford ("ZBA") upheld the Zoning Administrator's decision. The Woods appealed that decision to this Court, and that appeal formed the basis of Docket No. 121-7-03 Vtec.

4.      On May 19, 2004, Judge Merideth Wright granted summary judgment in part and denied summary judgment in part to both the Town and the Woods. <u>Id</u>. at 7. The Court held that: (1) Permit #99-1180 had not yet expired;[1] and (2) the Zoning Administrator or ZBA must consider the application to amend, which could include a ruling on the application's completeness.[2] <u>In re: Appeal of Marc and Susan Wood</u>, Docket No. 121-7-03 Vtec slip op. at 7 (Vt. Envtl. Ct. May 19, 2004). A V.R.C.P. 58 Judgment Order accompanied the decision regarding the cross-motions for summary judgment.

5.      On June 28, 2004, Mr. Wood submitted new plans to the Zoning Administrator pursuant to our May 19, 2004 decision. <u>Appeal of Wood</u>, Docket Nos. 185-10-04 Vtec and 174-8-05 Vtec

---

[1] As discussed in our March 6 Decision, Permit #99-1180 expired on March 10, 2007. March 6 Decision at 15.

[2] The Court also directed that the applicable zoning regulations would be those in effect at the time the application was filed.

slip op. at 9 (Vt. Envtl. Ct. Apr. 13, 2006).[3] The Zoning Administrator returned those plans to Mr. Wood, asserting that they were incomplete for, among other things, failing to submit site plans prepared by a Vermont-licensed engineer, surveyor, or architect. Id.

6. Mr. Wood appealed the Zoning Administrator's decision to the ZBA on July 16, 2004 and requested that the ZBA find that the application was complete. Id. Mr. Wood also asked the ZBA to direct the Zoning Administrator to review his engineered Phase II plans for his proposed retaining wall and to toll the time remaining on his development permits. Id. at 10-11.

7. On September 8, 2004, the ZBA upheld the Zoning Administrator's conclusion that Mr. Wood's applications were not complete because they had not been submitted to the appropriate planning bodies and because Mr. Wood's revised plans had not been prepared by an engineer as required. Id. at 11. Mr. Wood appealed the September 8, 2004 ZBA decision; this Court assigned Docket No. 185-10-04 Vtec to his appeal.

8. On April 13, 2006, in a decision that addressed several then-pending motions, we granted summary judgment in the Town's favor on the issue of whether Mr. Wood must submit a complete application before approval may be granted for any plan, including the submission of site plans and other drawings "prepared by a Vermont-licensed engineer, surveyor, or architect consistent with" the Town of Hartford Zoning Regulations. Id. at 16. In addition, we held that Mr. Wood could continue working on his Hartford Diner project to the extent that his work was authorized by Permit #99-1180, or that he may re-submit his amendment applications with the appropriate supporting materials. Id.

9. On November 20, 2006, Mr. Wood submitted an application to amend Permit #99-1180. Appellee's Ex. A in Docket No. 81-4-07 Vtec. The Zoning Administrator returned the application to Mr. Wood, asserting that the amendment application was not complete because it did not contain plans completed by a Vermont-licensed engineer. Appellee's Ex. B in Docket No. 81-4-07 Vtec. The ZBA upheld the Zoning Administrator's decision on March 9, 2007. Appellee's Ex. D in Docket No. 81-4-07 Vtec. Mr. Wood appealed that decision to this Court in Docket No. 81-4-07 Vtec; we dismissed his appeal on August 27, 2007 because it was not timely

---

[3] Mr. Wood submitted a copy of this decision as Exhibit K to his document titled "[Appellant's Amended] Objections to the [Town's] Motion for Contempt and Preliminary and Permanent Injunctive Relief Pursuing to the [Court's] Order Dated September _ 07" filed with the Court on December 17, 2007, hereinafter referred to as "Appellant's Amended Objections."

filed.  In re: Wood Zoning Permit Amendment, Docket No. 81-4-07 Vtec Entry Regarding Motion (Vt. Envtl. Ct. Aug. 27, 2007)).

10.     The Town has alleged that during the summer and fall of 2007, Mr. Wood performed work on the Hartford Diner project site without zoning permit approval in violation of this Court's April 13, 2006 Order.  Mr. Wood does not dispute that he performed work on his property; he instead asserts that he had legal authority to perform the work.

11.     On September 21, 2007, we held a hearing on the merits of the Town's contempt motion. We took evidence and heard testimony, but we continued the proceedings to allow Mr. Wood to file his objections in writing.  March 6 Decision at 2.

12.     To date, the parties have filed competing memoranda and supporting evidence regarding the cross-motions for contempt.  The facts do not appear in dispute, so we therefore will turn to the central question of whether either party should be found in contempt.

## Discussion

This Court's power to punish disobedience of its orders is a "creature of necessity" meant to ensure that the Court has a means to vindicate its authority.  See State v. Stell, 2007 VT 106, ¶ 14 (quoting In re C.W., 169 Vt. 512, 517 (1999)).  It is "indispensable to secure both 'the proper transaction and dispatch of business [and] the respect and obedience due to the court and necessary for the administration of justice.'"  State v. Allen, 145 Vt. 593, 600 (1985) (quoting In re Cooper, 32 Vt. 253, 258 (1859)) (emphasis removed).  Thus, the authority granted this Court "carries with it implied power to punish for contempt, in so far as necessary to preserve and carry out the . . . authority given."  In re Morse, 98 Vt. 85, 94 (1924).  Therefore, this Court may use its inherent powers to find a party in contempt so that the Court may preserve and carry out the authority it has been given.

Contempt proceedings come in two classes: civil and criminal.  In re Morse, 98 Vt. 85, 90 (1924).  Criminal contempt is committed directly against the authority of a court and tends to impede the court's proceedings and lessen its dignity, while civil contempt has the main effect of "depriv[ing] another party to a suit of some right, benefit, or remedy to which he is entitled under an order of the court."  Id.; see also In re C.W., 169 Vt. at 517-18 (quoting Morse).  Because both Mr. Wood and the Town each allege that the actions of the other have deprived them of some "right, benefit, or remedy" to which they were entitled under order from this Court, we will consider these motions as requesting a finding of civil contempt.

Viewing these motions as motions for civil contempt informs our consideration of the proper remedy, should either party be held in contempt. Compared with criminal contempt, where the purpose of the remedy is to punish a non-complying party, the purpose of a civil contempt remedy is to compel compliance with a court order. Sheehan v. Ryea, 171 Vt. 511, 512 (2000) (mem.). The Court has discretion in fashioning an appropriate remedy, which may range from fines to even imprisonment in the appropriate circumstances. See id. (quoting Russell v. Armitage, 166 Vt. 392, 407-08 (1997)). However, we are also counseled that where the Legislature has provided an alternative remedy to contempt, we ought to apply the Legislature's preferred method for addressing noncompliance with the orders of this Court. Stell, 2007 VT 106, ¶ 14.

## Mr. Wood's Motion for Contempt

Mr. Wood asserts that the Town purposefully ignored this Court's May 19, 2004 Order to consider his amendment application. The May 19, 2004 Order did require the Town to consider Mr. Wood's amendment application, but the Court's Order also allowed the Town's municipal planning authorities to make an initial determination of whether any amendment application Mr. Wood submitted was complete. See supra, Background ¶ 4. Our review of the proceedings before the Town of Hartford Zoning Administrator, the ZBA, and before this Court shows that, to date, Mr. Wood has not yet submitted the appropriate development plans, such that his application plans could be deemed complete. See supra, Background ¶¶ 5-9. As we recently discussed, the issue of whether Mr. Wood's development applications require the assistance and approval of a licensed engineer has been decided. See March 6 Decision at 13 (citing Appeal of Wood, Docket Nos. 185-10-04 Vtec and 174-8-05 Vtec slip op. at 13, 16 (Vt. Envtl. Ct. Apr. 13, 2006) and In re: Wood Zoning Permit Amendment, Docket No. 81-4-07 Vtec Entry Regarding Motion (Vt. Envtl. Ct. Aug. 27, 2007)). Until Mr. Wood submits an application properly approved by a Vermont-licensed engineer, the Town has the discretion to consider such an application incomplete. Id.

We conclude that the Town has yet to deprive Mr. Wood of any right, benefit, or remedy secured by our May 19, 2004 Order because Mr. Wood has yet to submit an application approved by a Vermont-licensed engineer. Until Mr. Wood submits a complete application, with the appropriate parts of the application prepared by a Vermont-licensed engineer, the Town was within its authority to deem Mr. Wood's plans incomplete. Therefore, because the Town has yet

to deprive Mr. Wood of any right, benefit, or remedy, Mr Wood's request for a civil contempt finding is inappropriate. For these reasons, Mr. Wood's Motion for Contempt in Docket No. 121-7-03 Vtec is **DENIED**.

**The Town's Motion for Contempt**

The Town requested that we hold Mr. Wood in contempt for violating our April 13, 2006 Order in Docket No. 185-10-04 Vtec, granting a stay that prevented Mr. Wood from performing work not authorized by Permit #99-1180. See Appeal of Wood, Docket Nos. 185-10-04 Vtec and 174-8-05 Vtec slip op. at 15-16 (Vt. Envtl. Ct. Apr. 13, 2006). The Town has alleged that Mr. Wood has "continued to perform construction activities on the [Hartford Diner project property]" after the expiration of his zoning permit, Permit #99-1180. We recently held that Permit #99-1180 expired on March 10, 2007. March 6 Decision at 14. As we noted in our March 6 Decision, the Court had, prior to the expiration of the permit, twice explained to Mr. Wood how much time remained on that permit. Id.

On September 21, 2007, we took evidence and heard testimony regarding the Town's motion for contempt. Id. at 2. The Town presented photographic evidence that depicted construction activities occurring on the Hartford Diner project site during the summer and fall of 2007, well after the expiration of Permit #99-1180. Town's Exs. E-1 through E-13. In response, Mr. Wood does not dispute the factual allegation that he conducted further construction activities on the site. Instead, Mr. Wood asserts that he was legally entitled to perform construction activities on the property. See Appellant's Amended Objections at 40 (asserting that Mr. Wood "is entitled under [Hartford Zoning Regulations §§ 5-2.3, 5-2.4] to rebuild" a structure after a fire). Mr. Wood's reliance on §§ 5-2.3 and 5-2.4 is misplaced.

Section 5-2.3 allows the repair and reconstruction of a non-complying structure that has been destroyed or damaged by a fire, explosion, or other catastrophe, provided the repair or reconstruction begins within two years after the catastrophic event and is completed within three years of the event. However, the right to repair or reconstruct a damaged or destroyed building does not exist outside the Town's permitting framework. As the Town's Zoning Regulations explain, '[n]o land development . . . may be commenced without a permit . . . ." Ordinance of the Town of Hartford, Vermont, Chapter 4, Zoning Regulations at § 1.2.

Land development is defined by the Zoning Regulations to include the reconstruction of any building or structure. Id. at § 6.2. Therefore, even assuming that the Hartford Diner project

was non-complying, and that it was destroyed by a catastrophe within the meaning of the Zoning Regulations, Mr. Wood still needed to apply for a zoning permit in order to reconstruct and repair the structure. Section 5-2.3 did not and does not provide Mr. Wood the right to rebuild his structure without a zoning permit. Similarly, § 5-2.4 only allows the normal maintenance and repair of a non-complying structure. Mr. Wood's assertion that he was merely rebuilding his structure after a catastrophe runs counter to his reliance on § 5-2.4 for authority to rebuild. That section speaks only to normal maintenance, which Mr. Wood does not claim he performed.

Therefore, it is apparent that Mr. Wood performed construction activities on the Hartford Diner project site after the expiration of Permit #99-1180 and without any other permitting authority. This was a violation of this Court's April 13, 2006 Order, staying construction activities not authorized by Permit #99-1180. This deprived the Town of its right to control development activities on this property, specifically under our April 13, 2006 Order, and more generally pursuant to the authority granted to it by our Legislature through the use of zoning bylaws. See 24 V.S.A. §§ 1971, 4402 (giving municipalities the authority to adopt regulatory tools including zoning bylaws). Accordingly, we must hold Mr. Wood in civil contempt for his violation of our Order of April 13, 2006 for engaging in construction activities not authorized by Permit #99-1180.

The Town has requested that we enjoin "further construction activities" on the Hartford Diner project property and mandate the removal of any construction "performed without [zoning approval] or not in conformance with" Mr. Wood's earlier zoning permits. To the extent that the Town's request for injunctive relief asks that Mr. Wood be permanently enjoined from any construction activities on the property, we must decline. In civil contempt, the contemnor must be given an opportunity to cure the noncompliance with the Court's order. Sheehan, 171 Vt. at 512. However, it is appropriate to again prohibit Mr. Wood from conducting construction activities without proper permits. Therefore, we hereby **ENJOIN** Mr. Wood from conducting any construction activity on the Hartford Diner project site without properly approved zoning permits, a precursor to which would be a properly completed zoning permit application. Violation of this injunction could again result in contempt, as well as additional and more severe civil or criminal contempt penalties.

With respect to the request that Mr. Wood remove "any construction performed without or not in conformance" with his now-expired permits, we must decline the Town's request for

two reasons. First, this remedy does not appear aimed to secure Mr. Wood's compliance with our earlier orders, and it would be impossible for him to purge the contempt, or avoid the sanction, through compliance with our earlier order. Mayo v. Mayo, 173 Vt. 459, 463 (2001). The Town's requested relief is more similar to the relief provided in criminal contempt, where the goal is to punish noncompliance. Id. Therefore, this relief is inappropriate.

Second, the balance of equities in this case does not suggest that this Court ought to exercise its discretion and issue a mandatory injunction to remove noncompliant construction at this time, in these proceedings. See Fenwick v. City of Burlington, 167 Vt. 425, 431 (1997) (explaining that in zoning cases, the issuance of a mandatory injunction is committed to the discretion of the court). In this case, the Legislature has made the relief sought by the Town available through other procedures. The administrative officer of a municipality may, in the municipality's name, provide notice and then institute an action to "prevent, restrain, correct, or abate" a building or structure constructed in violation of a bylaw. 24 V.S.A. § 4452. Such an action may be instituted in this Court, and falls within this Court's original jurisdiction. V.R.E.C.P. 3(6). The Vermont Rules of Civil Procedure and Rules of Appellate Procedure, along with the rights and protections they embody, would apply. Because the Legislature has authorized enforcement proceedings, with their procedural protections, as the method to secure injunctive relief for zoning bylaw violations, we decline to grant injunctive relief after a finding of contempt in these proceedings. Moreover, the Town bears the burden of making a record sufficient to support the "extraordinary and severe" remedy of a mandatory injunction. Fenwick, 167 Vt. at 433. The Town provided little on the record that would shift the balance of equities in its favor. Therefore, we must **DENY** the Town's request for mandatory injunctive relief.

### Conclusion

Accordingly, based on the foregoing, it is **ORDERED** and **ADJUDGED** that:

1. Mr. Wood's motion for contempt is **DENIED**;

2. The Town's motion for contempt is **GRANTED**; and

3. The Town's motion for injunctive relief is **GRANTED** to the extent that Mr. Wood is enjoined from conducting additional unpermitted construction activities on the Hartford Diner project site. The Town's motion for injunctive relief is **DENIED** to the extent that it requests a permanent injunction of all development activities on the Hartford Diner project site and to the extent that it requests a mandatory injunction.

This resolves the motions pending in Docket Nos. 121-7-03 Vtec and 185-10-07 Vtec. The Court must now take up the substance of Docket No. 176-8-07 Vtec. If the parties believe that there are other issues that remain outstanding, we ask that they notify the Court immediately.

Done at Berlin/Newfane, Vermont this 16th day of April, 2008.

_____

Thomas S. Durkin, Environmental Judge