STATE OF VERMONT
ENVIRONMENTAL COURT

Town of Brookfield,                     }
                  Plaintiff,            }          Docket No. 236-12-04 Vtec
            v.                          }     (municipal land use enforcement action)
                                        }
James Moorcroft,                        }
                  Defendant.            }
*************************************************************************
                                        }
Unifirst Corporation,                   }
                  Plaintiff,            }          Docket No. 96-5-06 Oecv
            v.                          }      (easement enforcement proceeding)
                                        }
James Moorcroft,                        }
                  Defendant.            }
                                        }

## Decision on Contempt Motions

The above-referenced matters came before the Court for a hearing on September 3, 2008, on post-judgment motions filed by the Town of Brookfield ("Town") and Unifirst Corporation ("Unifirst"), plaintiffs in the respective Environmental Court and Orange County Superior Court proceedings, noted above. By Entry Order filed on March 19, 2008, the Court consolidated these two actions for purposes of adjudicating the pending post-judgment motions.

The Town continues to be represented in its municipal enforcement proceeding by Pamela Stafford, Esq.; Mr. Moorcroft now represents himself; Attorney Elizabeth H. MaGill appeared at the motions hearing on behalf of Unifirst.

The Court received evidence from all parties and, after taking a brief recess, reconvened the hearing to present its factual findings on the record. The Court also announced its legal conclusions, finding that there was a sufficient factual and legal basis for granting both the Town's and Unifirst's motions. This Order is issued to provide a memorial of the Court's Order.

## Discussion

We first note that this Court has the inherent power to punish disobedience of its orders. This inherent power has been referred to as a "creature of necessity" meant to ensure that a court has the means to vindicate its authority. See State v. Stell, 2007 VT 106, ¶ 14 (citing In re C.W.,

1

169 Vt. 512, 517 (1999)). The power to hold in contempt a party against whom a court has issued an order and to issue appropriate sanctions is "indispensable to secure both 'the proper transaction and dispatch of business [and] the respect and obedience due to the court and necessary for the administration of justice.'" State v. Allen, 145 Vt. 593, 600 (1985) (alteration in original) (emphasis removed) (quoting In re Cooper, 32 Vt. 253, 258 (1859)). Thus, the authority granted this Court "carries with it implied power to punish for contempt, in so far as necessary to preserve and carry out the . . . authority given." In re Morse, 98 Vt. 85, 94 (1924).

Contempt proceedings come in two classes: civil and criminal. Id. at 90. Criminal contempt is committed directly against the authority of a court and tends to impede the court's proceedings and lessen its dignity, while civil contempt has the main effect of "depriv[ing] another party to a suit of some right, benefit, or remedy to which he is entitled under an order of the court." Id.; accord In re C.W., 169 Vt. at 517–18 (quoting Morse, 98 Vt. at 90). The only request in these proceedings has been to impose civil penalties against Mr. Moorcroft for his contemptuous behavior.

A determination that civil and not criminal contempt is the proper characterization for contemptuous behavior guides our consideration of the proper remedy. Compared with criminal contempt, where the purpose of the remedy is to punish a non-complying party, the purpose of a civil contempt remedy is to compel compliance with a court order, for the benefit of the non-offending party. Sheehan v. Ryea, 171 Vt. 511, 512 (2000) (mem.). The Court has discretion in fashioning an appropriate remedy, which may range from fines to even imprisonment in the appropriate circumstances. See id. (quoting Russell v. Armitage, 166 Vt. 392, 407–08 (1997) (Morse, J., concurring)). However, we are also counseled that where the Legislature has provided an alternative remedy to contempt, we ought to apply the Legislature's preferred method for addressing noncompliance with trial court orders. Stell, 2007 VT 106, ¶ 14.

With this legal foundation in mind, we turn to the specific Judgment Orders in the above-referenced Dockets that Defendant is charged with ignoring. Though each Docket represents a separate legal proceeding, the two enforcement actions relate to the same property; the Superior Court Order specifically references our May 3, 2007 Judgment Order and directs conformance with that Order as a term of the Superior Court Order.

The Environmental Court Order was issued after this Court had begun receiving evidence from the Town and Defendant in relation to Defendant's use of his property in violation of the

2

Town of Brookfield Development Bylaws ("Bylaws"). As the trial on February 6, 2007, continued, the parties advised the Court that they had reached an agreement that resolved all issues in the Town's enforcement action. The parties reported the terms of their settlement to the Court on the record of the February 7, 2007 merits hearing. The Court then directed the Town's Attorney to prepare a proposed Judgment Order incorporating the terms of the parties' agreement.

After the parties had conferred further over the course of several months, they reached an impasse on the appropriate language to be included in the Judgment Order. The Court conducted follow-up conferences on March 19, 2007, and April 5, 2007, and thereafter allowed the parties a period of time to prepare and file legal memoranda in support of their respective positions. Defendant at that time was assisted by Attorney Charles Storrow. The Court reviewed the parties' filings and the record of the February 7, 2007 merits hearing, and thereafter issued the May 3, 2007 Judgment Order, which included several of Defendant's suggested revisions to the Town's proposed order.

The May 3, 2007 Judgment Order provided for the following:

1. Subject to the exceptions set forth in paragraph 2, below, defendant James Moorcroft (hereinafter "Mr. Moorcroft") will remove all unregistered motor vehicles from his 66± acre parcel of land located on the west side of Route 14 in Brookfield by midnight on December 1, 2007.[1] For the purposes of this Order, whether a motor vehicle is registered or unregistered refers to whether its registration with the Vermont Department of Motor Vehicles, or the comparable motor vehicle regulatory agency of another state or Canadian province, is current on the date in question. For the purposes of this Order the term "motor vehicles" shall be defined as said term is defined in 23 V.S.A. § 4(21). The use of "dealer plates" on an otherwise unregistered vehicle **shall not** constitute registration for that vehicle.

2. Notwithstanding paragraph 1, above, and consistent with Brookfield Development Bylaw section 4.13(E), Mr. Moorcroft and/or his tenants may keep up to four (4) exposed, unregistered motor vehicles per presently existing residential dwelling, respectively, located on Moorcroft's Brookfield property. In addition, Mr. Moorcroft may keep up to an additional five (5) unregistered, operating motor vehicles on his Brookfield property, if said vehicles are used solely for agricultural purposes. Consistent with Brookfield Development Bylaw section 4.13(E), nothing provided for herein shall restrict Mr. Moorcroft and/or his tenants from keeping unregistered vehicles on his property if said motor vehicles are completely unexposed. For the purposes of this Order, whether a motor vehicle is exposed depends on whether it is visible at any time whatsoever from a public highway. *See* Brookfield Development Bylaw section 4.8. Visibility of any vehicles not

---

[1] Mr. Moorcroft's property and the improvements on it are hereinafter referred to as "Moorcroft's Brookfield property."

allowed under this Order from a public highway may be used as evidence in any future enforcement or other proceeding in this docket.

3. On or by midnight, on December 1, 2007, Mr. Moorcroft shall cease conducting, on his Brookfield property, any motor vehicle repair work of a commercial nature. For the purposes of this Order the term "commercial nature" means activity related to a business enterprise. Nothing provided for herein shall prohibit Mr. Moorcroft from performing, or causing to be performed, repair work on any motor vehicle used by him for personal or agricultural purposes, provided such vehicle is otherwise in compliance with paragraphs 1 and 2, above.

4. Within ten (10) business days from the date this Order is filed, Mr. Moorcroft shall deliver a bank cashier's check in the amount of Ten Thousand Dollars and No Cents ($10,000.00) to the Town's attorney, Pamela Stafford, Esq., to be held by Ms. Stafford, in escrow. Subject to the terms and conditions of this Order, said sum of money shall be forfeited to the Town, as liquidated damages, in the event Mr. Moorcroft does not comply with paragraphs 1, 2 and 3, above.

5. Ms. Stafford shall deposit the aforesaid $10,000 in her client trust account. Mr. Moorcroft acknowledges that no interest will accrue on said funds.

6. On or by 5:00 p.m., on December 5, 2007, the Town of Brookfield Selectboard (Selectboard) shall notify Mr. Moorcroft, in writing, as to whether it is satisfied that he has complied with the terms and conditions of paragraphs 1, 2 and 3, above. A copy of said notice shall be provided to Ms. Stafford, and to Charles F. Storrow, Esq., attorney for Mr. Moorcroft. If the Selectboard determines that Mr. Moorcroft has not complied with the terms and conditions of paragraphs 1 and 2, above, it shall set forth the specific reasons for such determination in the notice required under this paragraph. In the event of the Town's failure to give timely notice of non-compliance, Mr. Moorcroft shall be deemed to have complied with paragraphs 1, 2 and 3, above.

7. If in the notice required under paragraph 6, above, the town of Brookfield's Selectboard states its determination that it is satisfied with Mr. Moorcroft's compliance with paragraphs 1, 2 and 3, above, then Ms. Stafford shall return the aforesaid $10,000.00 to Mr. Moorcroft by 5:00 p.m., on December 12, 2007. In addition, the Selectboard shall cause Ms. Stafford to send Mr. Moorcroft's attorney, Charles F. Storrow, Esq., a stipulation, signed by Ms. Stafford, providing that the Court may dismiss the above captioned action, with prejudice.

8. If Mr. Moorcroft receives notice pursuant to paragraph 6, above, that the Selectboard has determined that he has not complied with paragraphs 1 and 2, above, he shall notify the Selectboard, in writing, on or by 5:00 p.m., on December 12, 2007, whether he disputes their conclusion that he has not complied with paragraphs 1 and 2, above. Said written notification may be given by delivering the same to the Chair of the Brookfield Selectboard or to Ms. Stafford. If Mr. Moorcroft fails to give such timely notice, he shall be deemed not to contest the Selectboard claim of non-compliance.

9. In the event the Town of Brookfield Selectboard and Mr. Moorcroft disagree as to whether Mr. Moorcroft has complied with paragraphs 1 and 2, above, then either party may file a motion with the Vermont Environmental Court seeking to reopen this case for

4

the purpose of having said Court determine whether Mr. Moorcroft has complied with paragraphs 1 and 2, above, and to otherwise adjudicate the parties' rights and responsibilities as set forth in this Order. In the event such a motion is filed, the opposing party shall not contest having the case reopened.

10. If, upon the reopening of this case, the Vermont Environmental Court determines that Mr. Moorcroft has not complied with paragraphs 1, 2 and 3, above, the Town is not only entitled to receive the escrowed $10,000.00, but may also request and obtain a monetary penalty of $100 per day, beginning December 2, 2007, for each day Mr. Moorcroft remains in noncompliance. The Town may also obtain such injunctive relief as it is entitled to under the law with respect to Mr. Moorcroft's violation of the Brookfield Development Bylaw.

11. If, upon the reopening of this case, the Vermont Environmental Court determines that Mr. Moorcroft has complied with paragraphs 1, 2 and 3, above, then he shall be entitled to recover from the Town his reasonable attorneys' fees and court costs associated with the adjudication of the issue of his compliance with paragraphs 1, 2 and 3, above.

12. Except as is provided for in paragraph 7, above, Ms. Stafford shall release the escrowed monies to either party only upon the joint written instructions of the Selectboard and Mr. Moorcroft (or his attorney, Charles F. Storrow, Esq.) or upon an appropriate Order of the Vermont Environmental Court.

13. In acting as the Escrow Agent Ms. Stafford may act in reliance upon a writing or instrument or signature which she, in good faith, believes to be genuine. Ms. Stafford may assume any person purporting to give any notice, writing, advice or instructions in connection with any provision herein has been duly authorized so to do.

14. The Town and Mr. Moorcroft shall jointly and severally indemnify and hold Pamela Stafford, Esq., harmless from any and all claims, liabilities, losses, expenses, actions, suits or proceedings at law or in equity or any other expense, fee or charge of any character or nature whatever, which she may incur in acting as the Escrow Agent under this Order.

15. It is hereby recognized and agreed that in acting as the Escrow Agent under this Order, Ms. Stafford shall not be obligated to take any action which is not specifically set forth herein. In the event of any such disagreement or dispute concerning the validity or interpretation of any of the escrow provisions of the parties' agreement or this Order, Ms. Stafford shall be empowered to submit the dispute to [the] Vermont Environmental Court for resolution. In such event, Ms. Stafford shall be relieved of any other and further liability under the parties' agreement and this Order.

16. Nothing provided for herein shall preclude Mr. Moorcroft or his tenants from seeking zoning approval for any future land development on his Brookfield property. Similarly, nothing provided for herein shall preclude the Town, its Zoning Board of Adjustment or Planning Commission from asserting that zoning approval for such future land development is precluded under the "successive application/finality" doctrine or from initiating any enforcement action not related to the facts underlying its Complaint in this matter.

17. The rights and obligations created by this Order shall inure to the benefit of, and be binding upon Mr. Moorcroft's and the Town's successors, assigns, heirs and personal

representatives.

Id. at 1–4.

## Contempt of the May 3, 2007 Environmental Court Judgment Order

Pursuant to the Findings entered into the record of the September 3, 2008 hearing on the Town's and Unifirst's contempt requests, this Court specifically concludes that Defendant violated the May 3, 2007 Judgment Order by failing and refusing to remove all unregistered motor vehicles (not otherwise exempt under Paragraph 2 of the Judgment Order) from his property along Route 14 in Brookfield, Vermont by the agreed-upon deadline of December 1, 2007. The evidence further supports the Court's legal conclusion that Defendant was and continued to be in contempt of the Court's May 3, 2007 Judgment Order, and that his contemptuous actions warranted a civil penalty, which this Court hopes and expects will encourage Defendant to abide by the May 3, 2007 Judgment Order. Pursuant to the parties' oral stipulation, as incorporated into paragraph 10 of the May 3, 2007 Judgment Order, the Court concludes that the Town is entitled to the full $10,000.00 now held in the escrow account administered by Attorney Stafford and does hereby direct Attorney Stafford to immediately deliver the full escrow funds to the Town. Upon full delivery of such funds, Attorney Stafford is discharged from her escrow responsibilities, pursuant to paragraph 15 of the May 3, 2007 Judgment Order.

## Contempt of the September 19, 2007 Superior Court Judgment Order

The Orange County Superior Court issued its Judgment Order against Defendant and in Unifirst's favor on September 19, 2007. In paragraph 2, the Superior Court directed conformance with the May 3, 2007 Environmental Court Judgment Order referenced above. In paragraph 1, the Superior Court directed that Defendant reimburse Unifirst for the attorneys' fees it had then incurred, totaling $5,681.00, with payment due no later than December 31, 2007.

Based upon the same factual determinations rendered at the contempt hearing, Defendant is also hereby found to have violated the terms of the Orange County Superior Court Judgment Order of September 19, 2007, specifically as to paragraph 1, given that the unrefuted evidence was that Defendant has failed and refused to reimburse Unifirst for the $5,681.00 in attorneys' fees, and has failed and refused to abide and conform to the Environmental Court Judgment Order. Given the contempt Defendant has shown to the Superior Court Order, the Court concludes that a civil penalty is justified, so as to encourage Defendant to abide by the Superior

6

Court Order. Such civil penalty shall be the reimbursement of the additional attorneys' fees Unifirst has incurred in the total amount of $2,823.18. When coupled with the sums due pursuant to the Superior Court Judgment Order, Defendant is now obligated to immediately reimburse Unifirst for the total sum of $8,504.18 plus interest as detailed below in our Conclusion and in the accompanying Judgment Order.

Finally, while the Court has declined to award further penalties against Defendant and in favor of the Town, even though the Environmental Court's May 3, 2007 Judgment Order provides that further penalties shall accrue at the rate of $100.00 per day, pursuant to paragraph 10 of that Order, we note that nothing in this Decision, nor the Judgment Order that accompanies it, shall prohibit the Town or Unifirst from seeking further penalties or other remedies as a consequence of Defendant's continued violations since the September 3, 2008 hearing on the requests for contempt.

### Conclusion

For all the foregoing reasons, we do hereby find Defendant James Moorcroft in **CONTEMPT** of this Court's May 3, 2007 Judgment Order and do hereby direct the immediate delivery of the escrowed $10,000.00 to the Town of Brookfield. Upon the delivery of such funds, Pamela Stafford shall be relieved of all fiduciary obligations under the escrow provisions of such Judgment Order. The Court further finds Defendant in **CONTEMPT** of the September 19, 2007 Orange County Superior Court Judgment Order and hereby directs that Defendant immediately pay to Unifirst Corporation the principal sum of $8,504.18, together with the statutory 12% annual interest from December 31, 2007 upon the principal portion of $5,681.00 that Defendant was ordered to pay by that date, and 12% annual interest from today upon the additional principal portion of $2,823.18 that we have today directed that he pay Unifirst.

This completes the proceedings in both of these Dockets. A Judgment Order accompanies this Decision.

Done at Newfane, Vermont this 27th day of February 2009.


_____
Thomas S. Durkin, Environmental Judge

7