<u>**ENTRY ORDER**</u>

SUPREME COURT DOCKET NO. 2014-242

JULY TERM, 2014

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Addison Unit, |
| | } | Criminal Division |
| Timothy Cousino | } | |
| | } | DOCKET NOS. 245-5-14 and |
| | } |            150-3-13 Ancr |
| | } | |
| | } | Trial Judges: Samuel Hoar, Jr. and |
| | |                   Robert A. Mello |

In the above-entitled cause, the Clerk will enter:

This bail appeal concerns conditions set by the trial court following defendant's violation of an abuse prevention order and violation of probation conditions.

On April 30, 2014, a final order for relief from abuse (RFA) was issued against defendant based on threatening behavior against S.T., the mother of his child. The parties waived findings by stipulation. Then, on May 26, 2014, defendant was arrested at his home following a report by S.T. that defendant had repeatedly called and texted her, a violation of the RFA. Some of the communications allegedly included very serious threats of violence against her and other individuals. Defendant's blood alcohol level was .136% at the time of his arrest. The next day, defendant was arraigned in Docket No. 245-5-14 Ancr on charges of violating an abuse prevention order (VAPO) and disturbing the peace by telephone. Because of a prior domestic assault conviction in 2001, the VAPO charge against defendant is a felony crime. 13 V.S.A. § 1030(b). The trial court set the bail amount for $10,000 and imposed several conditions of release, including no further contact with S.T. and release into the custody of a responsible adult.

At the time of these charges, defendant was on probation for a previous charge of driving under the influence (DUI) in Docket No. 150-3-13 Ancr. As a result of his blood alcohol level upon arrest for the VAPO and the nature of the charges against him, defendant was arraigned on June 2, 2014 on a violation of probation (VOP) complaint for consumption of alcohol and engaging in threatening or violent behavior. At the same time, the court considered a motion to strike or reduce the bail set in the VAPO case the week before. The State requested that defendant be held without bail on the VOP. The court stated that it could not conclude "that there are any conditions or a combination of conditions that would insure the safety of the public," and held defendant without bail.

On June 9, defendant then filed an application for home detention in both the VAPO and the VOP. He offered the residence he shares with his parents as an approved location. A hearing was held on July 7, 2014, where the court denied defendant's request on grounds that the factors set forth in the home detention program statute, 13 V.S.A. § 7554(b), did not support allowing it in defendant's case.

We begin with the denial of bail on defendant's violation of probation charge. 28 V.S.A. § 301(4) states that:

> Pending arraignment for any charge of violation, the probationer shall continue to be detained at a correctional facility. Thereafter, the court may release the probation pursuant to 13 V.S.A. § 7554. There shall be no right to bail or release, unless the person is on probation for a nonviolent misdemeanor or nonviolent felony and the probation violation did not constitute a new crime.

The critical issue here is whether defendant's probation violation for threatening behavior "constitute[s] a new crime." Defendant argues that he is entitled to bail or release because he is on probation for a nonviolent misdemeanor, DUI, and his probation violation is based on intoxication and verbal threats, which he contends do not constitute a new crime independent of the abuse prevention order. Defendant further argues that the Legislature did not intend for probationers to be denied bail on charges alone, rather they must be convicted of a new crime before being denied bail under this provision. The State counters by arguing that defendant is being charged for a new crime based on the probation violation—the VAPO charge—and that the Legislature intended to deny the right to bail to probationers charged rather than convicted of crimes.

I agree with the State that the plain language of § 301(4) suggests that where, as here, the probation violation meets the elements of a chargeable crime, the violation "constitute[s] a new crime." The Legislature could have stated that the violation must result in conviction of a new crime, but it did not, and there is no other support for defendant's narrow reading of the statutory language. See State v. Stell, 2007 VT 106, ¶ 12, 182 Vt. 368 ("Our goal is to implement the Legislature's intent and the definitive source of legislative intent is the statutory language . . . . We assume the Legislature intended the plain and ordinary meaning of the language it used."). So, while defendant is on probation for a nonviolent misdemeanor, the probation violation alleged does constitute a new crime, notwithstanding the fact the charge has yet to be proven. Based on such reading of § 301(4), there was no error in the trial court's denial of bail to defendant on the violation of probation charge.

The court also denied defendant's request for home detention under 13 V.S.A. § 7554b. In determining whether a defendant is eligible for home detention, § 7554b requires that the trial court consider several factors: (1) the nature of the offense; (2) the defendant's prior convictions, history of violence, medical and mental health needs, history of supervision, and risk of flights; and (3) the risk or undue burden to other residents, third parties, or public safety. Here, the trial court considered all of these factors. The court first observed that the nature of the VAPO charges were "deeply concerning" and "extremely serious." It then examined defendant's

history and needs, and while it concluded that defendant was not a flight risk, it noted several prior convictions including the one for domestic assault and stated that "given the deeply disturbing nature of the threats" there were "questions about [defendant]'s mental stability." The court also questioned defendant's history of supervision, observing that while he had satisfactorily completed probation for past offenses, in light of the conditions violated his current and recent supervision "is really very poor." Finally, the court concluded that based on the content of defendant's threats—which included threatening to kill the mother, police, and violence at a school—there was a risk to the public and to the mother.

In reviewing a trial court's imposition of conditions of release for abuse of discretion, we will affirm the court's order "if it is supported by the proceedings below." 13 V.S.A. 7554b. In light of the court's thorough examination of each factor, there was no abuse of discretion in its decision to deny defendant the opportunity for home detention. Although I agree with defendant's assertion that the court's consideration of defendant's mental health issues finds no support in the record, the court's consideration of the other factors was substantial enough to deny home detention without the conclusion that defendant's mental health is unstable. Defendant's history of domestic violence and the nature of the offense for which he is charged, which include very serious threats of violence against individuals and police officers, were enough to support the court's decision.

Finally, we turn to the issue of the $10,000 cash bail set by the court at arraignment for the VAPO charge, and which the next judge kept in place when asked to reconsider. Defendant argues the trial court erred in setting bail because defendant is not a flight risk. We agree there is no support for a finding that defendant is a flight risk. There is no dispute that he has strong ties to the community, has been employed with the same company for over a year, he has joint custody of a son, and no record of failure to appear at court. However, at the June 2nd hearing on defendant's motion to strike or reduce the bail set in the VAPO case, the court failed to rule on the motion. Apparently, because the court ruled defendant would be held without bail on the VOP, there was no need to consider the bail amount set at arraignment on the VAPO.

We remand to the court to address the request to reduce or strike the bail in docket 245-5-14Ancr in light of this decision.

The trial court's denial of bail and home detention in Docket No. 150-3-13 Ancr is affirmed. We reverse and remand the conditions of bail set in Docket No. 245-5-14 Ancr for further proceedings consistent with this decision.

FOR THE COURT:

_____
Marilyn S. Skoglund, Associate Justice

3